## Robbins Geller Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

December 7, 2023

VIA ECF

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

     Re:    *Jiang v. Chirico, et al.*, No. 1:23-cv-01258-PGG (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of plaintiff Oliver Jiang and lead plaintiff movant City of Pittsburgh Comprehensive Municipal Pension Trust Fund ("Plaintiffs") in the above-captioned securities class action (the "*Jiang* Action") in accordance with Sections I(A) and IV(A) of Your Honor's Individual Rules of Practice. The purpose of this letter is to request a pre-motion conference and leave to serve a document subpoena on Avaya Holdings Corp. ("Avaya") seeking the same documents Avaya provided to the plaintiffs in two factually related lawsuits pending in North Carolina state court. Plaintiffs' counsel has conferred with Defendants' counsel, who oppose this request.[1]

By way of background, the *Jiang* Action alleges federal securities law claims on behalf of a putative class of purchasers of Avaya securities against James M. Chirico, Jr. and Kieran J. McGrath, Avaya's former CEO and CFO, respectively ("Defendants").[2] The *Jiang* Action alleges, *inter alia*, that Defendants provided investors materially false and misleading earnings projections for the third fiscal quarter of 2022 in order to raise new debt to refinance debt that was coming due in 2023. *Jiang* Compl. (ECF No. 1) ¶15. Motions for appointment of lead plaintiff were fully submitted on March 27, 2023, *see* ECF Nos. 61-62, and the motions remain pending.

On October 26, 2023, two non-class actions were filed in Mecklenburg County, North Carolina on behalf of purchasers of Avaya convertible notes and lenders under Avaya's Tranche B-

---

[1]   In the interests of efficiency, Plaintiffs are seeking leave from the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u–4(b)(3)(B), even though Defendants have yet to file a motion to dismiss. The PSLRA only provides for a stay of discovery "during the pendency of any motion to dismiss." *Id*. Plaintiffs' request for relief from the stay is not a concession that the stay applies before the filing of a motion to dismiss but simply an effort to reduce the issues presented by this application.

[2]   Avaya is not named as a defendant because it filed for Chapter 11 bankruptcy protection. *See generally In re: Avaya Inc.*, No. 4:23-bk-90088 (MI) (Bankr. S.D. Tex.).

Robbins Geller
Rudman & Dowd LLP

The Honorable Paul G. Gardephe
December 7, 2023
Page 2

3 term loan.  *See Brigade Cavalry Fund Ltd. v. James M. Chirico, Jr.*, No. 23CV031948-590 (N.C. Super. Ct. Mecklenburg Cnty. Oct. 26, 2023) (the "*Brigade* Action"), complaint annexed hereto as Exhibit A, and *ALCOF III NUBT, L.P. v. James M. Chirico, Jr.*, No. 23CV031985-590 (N.C. Super. Ct. Mecklenburg Cnty. Oct. 26, 2023) (the "*ALCOF* Action"), complaint annexed hereto as Exhibit B (collectively, the "State Court Actions").  The crux of the State Court Actions is the same as the *Jiang* Action, as all three allege that James Chirico and Kieran McGrath knowingly made false and misleading earnings projections to investors.

The State Court Actions cite to, and quote from, internal corporate documents.  They both allege that while Avaya was touting its financial results and projections for the second half of 2022 to investors, Avaya executives and other employees were sounding the alarm to Defendants that meeting the projections would be "impossible" and that closing the "quite substantial" gap between reality and the projections would require "more than one miracle."  Ex. A ¶5; Ex. B ¶¶55, 62.  The *ALCOF* complaint quotes from internal emails between Avaya's former Chief Revenue Officer and the then-Senior Director of Sales Finance, and between other senior Avaya finance personnel (*see* Ex. B ¶¶56-60, 62, 65-67, 80-82), and the *Brigade* complaint includes actual images of similar internal emails between the same individuals discussing Avaya's inability to meet its guidance for 2022, and revealing that Defendants knew about Avaya's actual financial condition and hid that information from the plaintiffs in the State Court Actions.  *See* Ex. A ¶¶73-75, 77-78, 81-83.  Thus, it is clear that the plaintiffs in the State Court Actions received internal corporate documents from Avaya.

This may be because the plaintiffs in the State Court Actions, through their representatives, effectively control the newly restructured Avaya.  All plaintiffs in the *ALCOF* Action but one were members of either of two ad hoc groups of lenders and bondholders in Avaya's Chapter 11 proceedings (the "Ad Hoc Groups").  Many of the plaintiffs in the *Brigade* Action were members of one Ad Hoc Group.[3]  Upon Avaya's emergence from bankruptcy, Ad Hoc Group members affiliated with various plaintiffs in the State Court Actions were entitled to appoint eight of the nine members of the initial board of directors of the reorganized company.  *See* Governance Term Sheet, attached hereto as Exhibit E.  Avaya emerged from Chapter 11 bankruptcy on May 1, 2023.  Notably, its board

---

[3]    Verified statements of counsel for the Ad Hoc Groups represented by the Paul Weiss and Akin Gump law firms setting forth the membership of each Ad Hoc Group and their respective holdings of Avaya's debt and equity are attached hereto as Exhibits C and D, respectively.

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Paul G. Gardephe
December 7, 2023
Page 3

includes two Apollo partners and the managing partner of Brigade, among others.[4]  *See* Members of the New Board, attached hereto as Exhibit F.

This unusual and unique set of circumstances places Plaintiffs and the Class in the *Jiang* Action, whose source of recovery is primarily limited to the proceeds of Avaya's directors and officers liability insurance, at a significant disadvantage, as it appears reorganized Avaya is favoring the plaintiffs in the State Court Actions by providing them access to internal documents.  Given the limited fund available, it is critical that Plaintiffs in the *Jiang* Action are provided the same access to those documents to place them on an equal playing field with the plaintiffs in the State Court Actions.

Courts have permitted similar discovery "when the request is sufficiently particularized *and* when maintenance of the stay would either generate an impermissible risk of the destruction of evidence or create undue prejudice." *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009).  Undue prejudice in this context has been interpreted to mean "improper or unfair treatment amounting to something less than irreparable harm," and can exist where "plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (internal quotations and citations omitted).  In determining whether to lift the discovery stay, other factors include "the defendants' financial state, settlement negotiations, case management, and the effect of delay." *Bank of Am.*, 2009 WL 4796169, at *2; *see also In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (acknowledging the risk plaintiffs face of "pursu[ing] [an] action against defendants who no longer have anything or at least as much to offer").

"Even when a court finds undue prejudice, the stay will only be lifted on a 'clearly defined universe of documents.'" *Bank of Am.*, 2009 WL 4796169, at *3 (quoting *WorldCom*, 234 F. Supp. 2d at 301).  Defendants' burden "is slight when a defendant 'has already found, reviewed and organized the documents.'" *Id*. at *2 (quoting *Waldman*, 2009 WL 86763, at *2).

Plaintiffs should be permitted to serve Avaya with a document request for the same documents provided to plaintiffs in the State Court Actions because they will otherwise suffer undue prejudice.  The State Court Actions are moving forward since they are not subject to a discovery stay, and Plaintiffs and the Class will be prejudiced by their "inability to make informed decisions about [their] litigation strategy in a rapidly shifting landscape," *WorldCom*, 234 F. Supp. 2d at 305, especially because Avaya is not a party to the *Jiang* Action due to its bankruptcy and, therefore, any potential

---

[4]  Apollo is a member of the Akin Gump Ad Hoc Group and an affiliate of Blackcomb Debt Holdings, L.P., a plaintiff in the *ALCOF* Action.

**Robbins Geller
Rudman & Dowd LLP**

The Honorable Paul G. Gardephe
December 7, 2023
Page 4

recovery is limited to Chirico, McGrath, and whatever insurance policies Avaya may have concerning them. The requested discovery is essential to Plaintiffs, particularly as it relates to their ability to make informed decisions regarding pursuing litigation and settlement strategies to benefit a potential class due to the limited fund available. *See In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004). Plaintiffs "will suffer undue prejudice in having to defer such decisions." *Id.* Moreover, the undue prejudice is exacerbated because Avaya has favored certain bond purchasers—including those who sit on Avaya's Board—over the Class by providing them documents.

Further, Plaintiffs' request is particularized: it is limited to the documents provided to the plaintiffs in the State Court Actions. *See Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (modifying PSLRA discovery stay "for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York"). Finally, the information sought by Plaintiffs would not burden Avaya. Avaya "ha[s] already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for [Plaintiffs] will be slight." *Bank of Am.*, 2009 WL 4796169, at *3.

For these reasons, Plaintiffs respectfully request a pre-motion conference and leave to move the Court for limited relief from the PSLRA discovery stay to serve a document subpoena on Avaya.

We thank the Court for its attention to this matter.

Respectfully submitted,

Alan I. Ellman

cc:      All Counsel of Record (via ECF)