**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OLIVER JIANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. CHIRICO, JR. and KIERAN J. MCGRATH, <br><br> Defendants. | CIVIL ACTION NO. 1:23-CV-01258-PGG <br> CLASS ACTION |

**MEMORANDUM OF LAW OF DEFENDANT KIERAN MCGRATH IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PSLRA DISCOVERY STAY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT........................................................................................................ 1

BACKGROUND................................................................................................................................ 2

      A.     This Putative Class Action............................................................................................ 2

      B.     North Carolina Actions .................................................................................................3

      C.     Plaintiffs' Premature Request For Discovery .............................................................. 4

ARGUMENT ..................................................................................................................................... 5

      A.     The Requested Discovery Is Not "Particularized"...................................................... 6

      B.     Plaintiffs Fail To Show Undue Prejudice..................................................................... 9

      C.     Plaintiffs Seek Relief Contrary To The PSLRA's Purpose ....................................... 12

CONCLUSION ................................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ALCOF III NUBT, L.P. v. James M. Chirico, Jr. et al.*,
No. 23-cv-031985-590 (N.C. Super. Ct. Oct. 26, 2023)............................................. 3, 4, 5

*In re Am. Funds Secs. Litig.*, 493 F. Supp. 2d 1103 (C.D. Cal. 2007)............................................. 8

*In re AOL Time Warner, Inc. Sec.,* 2003 WL 21729842 (S.D.N.Y. July 25, 2003)............... 11, 13

*In re: Avaya Inc.*, No. 4:23-bk-90088 (MI) (Bankr. S.D. Tex.) ...................................................... 2

*In re Bank of America Corp.*, 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ............................... 8

*Brigade Cavalry Fund Ltd., et al. v. James M. Chirico, Jr., et al.*,
No. 23-CV-031948-590 (N.C. Super. Ct. Oct. 26, 2023)......................................... 3, 4, 5

*Courter v. CytoDyn, Inc.*, 2022 WL 621535 (W.D. Wash. Mar. 3, 2022) ..................................... 9

*In re Delphi Corp.*, 2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ............................................. 12

*Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483 (M.D. Fla. Jan. 21, 2015) ...................... 6

*In re East 51st Street Crane Collapse Litigation*, 2010 WL 9932296
(N.Y. Sup. Ct. Feb. 18, 2010) ......................................................................................... 11

*In re Elan Corp. Securities Litigation*, 2004 WL 1303638 (S.D.N.Y. May 18, 2004) ............ 7, 14

*In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005)................................................ 6, 8

*Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384
(S.D.N.Y. 2001) ..................................................................................................... 6, 7, 10

*In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763 (S.D. Ohio June 14, 2021)...................... 9

*In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d 286 (S.D.N.Y. 2002)......................... 12

*Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 368 (S.D.N.Y. 2013) ........................... 8

*In re LaBranch Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004)............................................. 12

*Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325
(9th Cir. 1996)................................................................................................................... 13

*Mori v. Saito*, 802 F. Supp. 2d 520 (S.D.N.Y. 2011) .................................................................... 6, 7

*Novak v. Kasaks*, 1996 WL 467534 (S.D.N.Y. Aug. 16, 1996) ............................................. 10, 11

*Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
    943 F. Supp. 2d 913 (E.D. Wis. 2013) .................................................................................. 9

*Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375 (S.D.N.Y. 2004) ............................ 5, 14

*Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y. 2003) ........................ 7, 8

*In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212 (S.D.N.Y. Aug. 6, 2006) .............................. 9, 10

*In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246 (D. Md. 2004) ................................. 9

*Sarantakis v. Gruttaduaria*, 2002 WL 1803750 (N.D. Ill. Aug. 5, 2002) ...................................... 8

*In re September 11 Prop. Damage Litig.*, 650 F.3d 145 (2d Cir. 2011) ................................. 11, 12

*In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078
    (S.D.N.Y. June 26, 2006) .................................................................................... 6, 12, 14

*In re Vivendi Universal, S.A. Securities Litigation*, 381 F. Supp. 2d 129
    (S.D.N.Y. 2003) ................................................................................. 7, 10, 11, 13

*Waldman v. Wachovia Corp.*, 2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) .................................. 12

*In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................... 12

**STATUTES**

Private Securities Litigation Reform Act of 1995,
    15 U.S.C. § 78u *et seq.* .............................................. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

    § 78u-4(b)(3)(B) ........................................................................................................... 5, 6

Securities Litigation Uniform Standards Act of 1998,
    15 U.S.C. § 78a-4(b)(3)(D) .................................................................................................. 13

**LEGISLATIVE MATERIALS**

H.R. Conf. Rep. No. 104-369 (1995) ............................................................................................ 13

S. Rep. No. 104-98 (1995) ............................................................................................................ 13

**PRELIMINARY STATEMENT**

Plaintiffs ask this Court to disregard an important federal policy, codified in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), to enable them to cure their deficient Complaint.  The PSLRA imposes an automatic stay of all discovery in cases arising under the Securities Exchange Act of 1934 pending adjudication of any motions to dismiss.  Granting Plaintiffs' motion would create the precise problem the PSLRA was intended to address:  ensuring that putative class-action plaintiffs, absent extraordinary circumstances, do not use discovery under the Federal Rules of Civil Procedure to cure deficiencies in their complaints.  Plaintiffs have utterly failed to show that any extraordinary circumstances exist here.

Plaintiffs advance no legitimate argument—much less prove the existence of extraordinary circumstances—necessary to lift the PSLRA stay.  Plaintiffs have not even made a "particularized" discovery request.  Instead, they ask this Court to authorize them to issue subpoenas to obtain production of *all* documents that have been produced, and that may be produced, in two parallel state-court proceedings pending before a North Carolina court.  Far from making a narrow and particularized discovery request, Plaintiffs' seek blanket approval from this court to obtain a copy of any and all production from these state-court proceedings.

Plaintiffs also fail to demonstrate "undue prejudice" from the PSLRA automatic stay.  Contrary to Plaintiffs' assertions, discovery is not proceeding in the parallel state cases.  "[W]ary of interfering with the existing discovery stay" in this action, the North Carolina court has stayed all prospective discovery in the state proceedings.  Those cases are currently at the pleadings stage in which the parties are briefing motions to dismiss on various grounds, including for lack of standing, improper venue, and failure to state a claim.  The pendency of related, parallel, lawsuits does not provide a basis to set aside a PSLRA stay in this case.  The Court should deny Plaintiffs' motion.

## BACKGROUND

### A.    This Putative Class Action

On February 14, 2023, Plaintiff Oliver Jiang, individually and on behalf of a putative class of other Avaya shareholders, commenced this litigation against Avaya Holdings Corp. ("Avaya") and two of its former executives:  Avaya's former Chief Financial Officer, Kieran McGrath, and Avaya's former Chief Executive Officer, James Chirico.  *See* Compl. ¶¶ 29-33.  The putative class is comprised of purchasers of Avaya "securities."  Compl. ¶ 24.  The Complaint alleges that Avaya, Chirico, and McGrath artificially inflated the price of Avaya's "securities."  Compl. ¶¶ 24, 34. Plaintiffs allege violations of the Securities Exchange Act of 1934.  Compl. ¶¶ 1, 128-134.  On February 14, 2023, Avaya filed for Chapter 11 bankruptcy protection.  *See In re: Avaya Inc.*, No. 4:23-bk-90088 (MI) (Bankr. S.D. Tex.).  On February 16, 2023, Plaintiff Oliver Jiang voluntarily dismissed Avaya from the lawsuit.  *See* ECF No. 6.

On March 23, 2023, this Court entered the parties' stipulation and order to stay all discovery pursuant to the PSLRA and set the briefing schedule for the motions to dismiss following the Court's appointment of a lead plaintiff and approval of the lead plaintiff's selection of lead counsel.  *See* ECF 59.  Under the Court's order, "all discovery and other proceedings shall be stayed at the outset of the case through a ruling on any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  ECF 59 at 1 (internal quotation marks omitted).  The Court's order also provided that, once appointed by the Court, the lead plaintiff shall "file any amended complaint or give notice to Defendants electing to stand on the original Complaint" within 60 days.  ECF 59 at 3.  The Court further ordered that, 60 days after the lead plaintiff files an amended complaint or elects to stand on the original Complaint, "Defendants shall move to

dismiss or otherwise respond to the operative complaint." ECF 59 at 3. Several motions for the appointment of lead plaintiff remain pending. *See* ECF Nos. 10-43.

### B.    North Carolina Actions

On October 26, 2023—more than eight months after the filing of this lawsuit—two sets of alleged Avaya investors filed lawsuits against McGrath and Chirico in a state court in Mecklenburg County, North Carolina. *See Brigade Cavalry Fund Ltd., et al. v. James M. Chirico, Jr., et al.*, No. 23-CV-031948-590 (N.C. Super. Ct. Oct. 26, 2023) (the "*Brigade* Action"); *ALCOF III NUBT, L.P. v. James M. Chirico, Jr. et al.*, No. 23-cv-031985-590 (N.C. Super. Ct. Oct. 26, 2023) (the "*ALCOF* Action," and together with the *Brigade* Action, collectively, the "State Actions"). In the State Actions, certain alleged institutional investors in Avaya's convertible notes and B-3 Term Loan bring securities fraud claims against McGrath and Chirico.

On January 22, 2024, McGrath moved to dismiss both State Actions in their entirety. In his motion to dismiss, McGrath demonstrates that the *Brigade* Action was filed in an improper venue, given the plaintiffs' stipulation that this Court, the United States District Court for the Southern District of New York, is the exclusive venue for their claims, and that their complaint failed to state a valid claim under North Carolina law. Ex. 1.[1] McGrath moved to dismiss the *ALCOF* Action in its entirety because the plaintiffs failed to allege their standing, similarly filed their claims in an improper venue, and failed to state a claim upon which relief can be granted. Ex. 2. The briefing on the pending motions to dismiss is not yet completed, and the state court set a hearing on the motions for April 16, 2024.

Along with his motions to dismiss, McGrath has moved to stay discovery in both State Actions. On February 16, 2024, the North Carolina court granted the stay, "wary of interfering

---

[1] Exhibits referenced herein are attached to the Declaration of Minsuk Han, filed herewith.

with the existing discovery stay" in this action.  Ex. 3, ¶ 3.  No plaintiff in the State Actions can

obtain discovery until the court's resolution of pending motions to dismiss.  *Id.* ¶ 7(c).  The North

Carolina court granted a "limited exception" to permit Avaya to respond to any subpoenas that the

state-court plaintiffs have already served.  *Id.*

### C.    Plaintiffs' Premature Request For Discovery

On December 7, 2023, Plaintiff Oliver Jiang and lead plaintiff movant City of Pittsburgh

Comprehensive Municipal Pension Trust Fund (collectively, "Plaintiffs") filed a letter brief,

seeking leave to move to lift the mandatory PSLRA discovery stay.  *See* ECF 69.  Plaintiffs' letter

brief noted that the complaints in the State Actions included references to internal documents from

Avaya and sought leave to "serve a document subpoena on Avaya . . . seeking the same documents

Avaya provided to the plaintiffs" in the State Actions.  *Id.* at 1.  McGrath opposed the request.  *See*

ECF 70.  The plaintiffs in the State Actions have since disclosed that they—who may have

appointed members to reorganized Avaya's board of directors according to Plaintiffs in this

action—had obtained documents from Avaya.[2]  On January 19, 2024, this Court ordered briefing

on Plaintiffs' motion.  *See* ECF 73.

Through their motion, Plaintiffs ask the Court to set aside effectively the *entirety* of the

automatic PSLRA stay.  Stretching far beyond the original request in their letter brief, Plaintiffs

now seek to serve subpoenas on (1) "Avaya for the documents that it produced, shared or otherwise

provided to the plaintiffs in the State Court Actions (or their affiliates and/or their attorneys);" (2)

---

[2] In McGrath's letter response filed on December 12, 2023, McGrath stated that "[n]o discovery has been provided" in the State Actions.  ECF 70 at 2.  After the filing of the letter response, on December 18, 2023, Avaya made a document production to the *Brigade* plaintiffs pursuant to a subpoena issued in that case.  Ex. 4.  Similarly, the *ALCOF* plaintiffs have received a document production from Avaya pursuant to a subpoena issued on February 1, 2024.  Neither *Brigade* nor *ALCOF* plaintiffs have shared Avaya's production with defendants on the basis that no protective order is in place.  Ex. 5, at 7, 9.  Except for the foregoing, no discovery has been produced in the State Actions, and as set forth above, the North Carolina court stayed all prospective discovery.

4

"the plaintiffs in the State Court Actions (or their affiliates) and/or their attorneys for the documents they received from Avaya, or anyone related thereto, in connection with the drafting and prosecution of the *Brigade* and *ALCOF* complaints;" and (3) McGrath and Chirico (as well as Stephen Spears, who is a defendant in the *ALCOF* Action) "to the extent they produce any documents to the plaintiffs in the State Court Actions in the future." Plfs.' Br. at 11, 13 n.13.

### ARGUMENT

This Court should deny Plaintiffs' motion to lift the automatic PSLRA stay of discovery. Plaintiffs' requested discovery is neither narrow nor particularized: they seek this Court's blanket order permitting Plaintiffs to obtain production of virtually all discovery that could take place in the State Actions, even before discovery in those cases proceeds. Even if Plaintiffs' requests were limited to the documents that have already been produced in the State Actions, Plaintiffs fail to demonstrate any undue prejudice they would suffer without the requested lift of the PSLRA stay. Plaintiffs' request for premature discovery in the hopes of amending their Complaint to survive a motion to dismiss directly contravenes the purpose of the stay mandated by the PSLRA.

The PSLRA mandates a stay of discovery in securities class actions like this one. It provides: "all discovery . . . shall be stayed during the pendency of any motion dismiss, unless the court finds . . . that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The PSLRA creates "a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (emphases in original).[3]

---

[3] Plaintiffs assert (at 1 n.1) that their motion "is not a concession that the stay applies before the filing of a motion to dismiss." The parties have stipulated to a stay of discovery "at the outset of the case through a ruling on any motion to dismiss." ECF 59 at 1. And it has long been the practice in this District and elsewhere to "stay[] discovery as soon as the defendant indicates his intent to

A court may set aside the mandatory stay only under "extraordinary circumstances." *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *2 (M.D. Fla. Jan. 21, 2015) (internal quotation marks omitted). Specifically, a court may set aside the PSLRA stay only if (1) a movant makes a "particularized" discovery request and (2) when one of two additional circumstances are present: (a) relief from the stay is "necessary to preserve evidence" or (b) "to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B); *see also In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006) (same). The plaintiff bears the burden of making the necessary showing. *See Dusek*, 2015 WL 12826483, at *4. "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005). Plaintiffs do not contend that particularized discovery is necessary to "preserve evidence." 15 U.S.C. § 78u-4(b)(3)(B).

## A.    The Requested Discovery Is Not "Particularized"

Plaintiffs have not made a "particularized" discovery request. "A request is considered particularized for the purposes of the PSLRA when it is directed at specific persons and identifies specific types of evidence that fall within its scope." *Mori v. Saito*, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (internal quotation marks omitted). Here, Plaintiffs seek this Court's blanket permission to issue subpoenas to obtain (i) all documents that Avaya produced to the State Action plaintiffs "or their affiliates and/or their attorneys," (ii) all documents that those plaintiffs received from "Avaya, or anyone related thereto" "in connection with" the State Actions, and (iii) any and all documents the defendants may produce to the State Action plaintiffs. Plfs.' Br. at 11, 13 n.13. There is nothing specific, targeted, or otherwise limited about Plaintiffs' requests.

---

file a motion [to] dismiss, rather than waiting for the actual filing in court." *Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (collecting cases).

A generalized request for all discovery in a parallel action is not "particularized." In *Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001), the court held that a request for "all documents, testimony and transcripts that have been previously produced or will be produced in the future" was not "particularized" within the meaning of the PSLRA. *Id.* at 404. Similarly, in *In re Vivendi Universal, S.A. Securities Litigation*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003), the court held that a request for "discovery to obtain copies of documents already produced" to government agencies was not "particularized" under the PSLRA. *Id.* at 129-130. Here, the breadth of Plaintiffs' request is legally indistinguishable from the discovery requests that were rejected in *Faulkner* and in *Vivendi.* Plaintiffs have failed to advance any legitimate reason this Court should reach a different result.

Moreover, Plaintiffs utterly fail to provide this Court with the information necessary to evaluate whether their requests are "particularized." Plfs.' Br. at 10-11. In *Mori*, plaintiffs failed to provide "a listing of the documents sought" to the court, which made it "impossible" to find that plaintiffs sought "particularized" discovery. *Mori*, 802 F. Supp. 2d at 524-525. Plaintiffs here do not provide this Court with a proposed subpoena, much less a description of documents that would support a finding of particularity. Plaintiffs simply have not made a "particularized" request.

Plaintiffs suggest that no "particularized" request is necessary beyond pointing to all discovery in parallel litigation. Plfs.' Br. at 10-11. The PSLRA nowhere allows for this supposed exception. And beyond *Faulkner* and *Vivendi*, courts in this District have consistently held that the PSLRA's requirements remain in force even when documents have previously been produced in other litigation. In *In re Elan Corp. Securities Litigation*, 2004 WL 1303638 (S.D.N.Y. May 18, 2004), for example, the court denied a motion to lift the PSLRA stay, holding that the PSLRA "does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation." *Id.* at \*1; *see also Rampersad v. Deutsche Bank Sec., Inc.*,

7

381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (rejecting plaintiff's argument that a "categorical exception" exists to the PSLRA stay when documents have already been produced elsewhere). Had Congress wanted to create an exception to the "particularized discovery" requirement for cases with parallel litigation, it would have done so explicitly. It did not.

Courts outside this District have made clear that the "particularized discovery" requirement applies even when the discovery sought has been produced in other litigation. *See*, *e.g.*, *In re Am. Funds Secs. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (holding request for "all documents produced" in another proceeding was not particularized); *In re Fannie Mae*, 362 F. Supp. 2d at 38-39 (similar); *Sarantakis v. Gruttaduaria*, 2002 WL 1803750, at *3-*4 (N.D. Ill. Aug. 5, 2002) (similar). The weight of the authority, especially the authority from this District explicitly addressing this issue, demands the conclusion that Plaintiffs' blanket request for a copy of all discovery in the State Actions is in no way a "particularized discovery" request.

None of the cases Plaintiffs cite supports the discovery requests sought in their motion. In *In re Bank of America Corp.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009), the court did not address whether the requested discovery was "particularized." Rather, the *Bank of America* court observed that "[d]iscovery [was] moving apace in parallel litigation" and that, without the requested discovery, the plaintiffs would "fall substantially behind." *Id*. Discovery has been stayed in the State Actions. *See supra* pp. 3-4. Nor has the state court had a chance to evaluate the propriety and sufficiency of the complaints filed in the State Actions. The reasoning of *Bank of America* is inapplicable. Similarly, the court in *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 368 (S.D.N.Y. 2013), did not rule on the specific question of whether the requested discovery was "particularized." Rather, the *Kaplan* court reviewed magistrate judge's order and, in a single paragraph, observed that it was bound to apply a deferential standard of review and adopted the proposed order. Neither *Bank of America* nor *Kaplan* supports Plaintiffs' invalid claim

8

that their blanket discovery request is somehow "particularized" within the meaning of the PSLRA.

Plaintiffs' out-of-circuit cases are likewise distinguishable. In those cases, courts considered discovery requests limited to a clearly defined set of relevant documents that had already been produced in parallel litigation—and, unlike here, with no stay of discovery in parallel matters. *See In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *5 (S.D. Ohio June 14, 2021) (discovery "progressing" in parallel matters); *see also Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022) (requested discovery "already assembled and produced"); *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915-916 (E.D. Wis. 2013) (request "limited solely to relevant materials that have already been produced" in "rapidly shifting landscape"); *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 250-252 (D. Md. 2004) (requesting only "documents previously produced" in other proceedings that were "moving apace"). Here, Plaintiffs' request is not limited to a clearly defined set of relevant documents that have been assembled and produced. It is quite the opposite. Plaintiffs demand an ongoing indiscriminate flow of documents between the State Actions and this case. None of the authorities in Plaintiffs' brief provides a basis for such a request. Additionally, Plaintiffs' out-of-circuit cases are further distinguishable on the ground that Plaintiffs here do not come close to establishing undue prejudice—an independent flaw requiring that this Court deny Plaintiffs' Motion in full. *See infra* Part B.

### B.    Plaintiffs Fail To Show Undue Prejudice

Plaintiffs' argument comes to little more than that, without additional discovery, they cannot correct the deficiencies in their Complaint. This is not "undue prejudice." "[U]ndue prejudice is improper or unfair treatment amounting to something less than irreparable harm." *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *1 (S.D.N.Y. Aug. 6, 2006). Plaintiffs address

this standard by claiming they cannot "make informed decisions about their litigation strategy in a rapidly shifting landscape." Plfs.' Br. at 11 (alteration adopted). Plaintiffs' claim of undue prejudice is "wholly speculative" and in no event constitutes unfair or improper treatment that this Court should recognize for a number of reasons. *See Novak v. Kasaks*, 1996 WL 467534, at *1 (S.D.N.Y. Aug. 16, 1996).

*First*, Plaintiffs do not, and cannot, identify what litigation "decisions" they must urgently address now even before this Court's appointment of a lead plaintiff—and before this Court has had a chance to evaluate the sufficiency of the Complaint. Plaintiffs seeking to lift the mandatory PSLRA stay are an individual that filed the original complaint and a lead-plaintiff movant, not a lead plaintiff. Depending on this Court's decisions on the forthcoming motions to dismiss, the only benefit from the requested discovery would be to help the future lead plaintiff determine whether to file an amended complaint. This is precisely what the PSLRA was enacted to prevent.

*Second*, Plaintiffs' suggestion that the State Actions are materially further along than this action is incorrect. *See* Plfs.' Br. at 11 ("The State Actions are moving forward since they are not subject to a discovery stay."). Both this case and the State Actions are at the pleadings stage. To avoid disrupting the PSLRA stay in place in this action, the North Carolina court has also entered a discovery stay. Hence, no plaintiff is currently permitted to obtain additional discovery in the State Actions. McGrath has not participated in, and is not aware of, settlement negotiations here or in the State Actions.

*Third*, it is often the case that, in securities actions, parallel proceedings arising from the same facts contain some informational asymmetry. This is a commonplace issue, not exceptional, and does not constitute "undue prejudice." Courts in this District routinely deny relief from the PSLRA in these circumstances. *See*, *e.g.*, *In re Refco, Inc.*, 2006 WL 2337212, at *1-*2 (denying motion to modify PSLRA stay where documents had been produced in parallel proceedings); *In*

10

*re Vivendi Universal, S.A.*, 381 F. Supp. 2d at 129-130 (same); *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *2 (S.D.N.Y. July 25, 2003) (same); *Faulkner*, 156 F. Supp. 2d at 404-06 (same). Indeed, in *AOL*, a class-action lead plaintiff sought to lift the PSLRA stay to obtain discovery of documents that had previously been produced to government entities. The Court held these were not "exceptional circumstances" that warrant the requested lift of the PSLRA stay, even though the government was engaged in ongoing settlement discussions based on that discovery. *Id*. at *1-*2.

*Fourth*, Plaintiffs' speculation about the limits on Avaya's director and officer insurance policies ignores the fact that insurers have to act in good faith when settling claims with limited policy coverage. For example, in *In re East 51st Street Crane Collapse Litigation*, 2010 WL 9932296 (N.Y. Sup. Ct. Feb. 18, 2010), the court rejected a proposed settlement under which an insurer would "pay its full policy" because "such a large settlement that would deplete the entire primary insurance at this stage of the litigation without the settlement of even one of the personal injury plaintiffs . . . is not in the best interests of the insureds, nor the litigation as a whole." *Id.* at *4. The requirement that insurers act in good faith in reaching settlements or otherwise disbursing a policy's proceeds "has long been the rule across several jurisdictions." *In re September 11 Prop. Damage Litig.*, 650 F.3d 145, 153 (2d Cir. 2011). Plaintiffs have offered no reason to conclude that there is currently any risk of depletion of insurance coverage based on developments in any other case.[4]

Plaintiffs do not complain of anything other than the delay Congress chose to impose when it enacted the PSLRA. "Prejudice caused by the delay inherent in the PSLRA's discovery stay

---

[4] Plaintiffs speculate about whether Avaya settled a claim already, by pointing to a voluntary dismissal from a group of investors. *See* Plfs.' Br. at 11-12 n.12. Plaintiffs' musings here are again "wholly speculative" and do not come close to establishing undue prejudice. *See Novak v. Kasaks*, 1996 WL 467534, at *1 (S.D.N.Y. Aug. 16, 1996).

11

cannot be 'undue' because it is prejudice which is neither improper nor unfair." *In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (internal quotation marks omitted). "This is because delay is an inherent part of every stay of discovery required by the PSLRA." *In re Smith Barney*, 2006 WL 1738078, at \*2 (internal quotation marks omitted).

Each of the cases on which Plaintiffs rely for their claim of undue prejudice is inapposite. In each of the cases from this District, settlements had already been reached or were underway in parallel litigation or discovery was moving forward rapidly. *See Waldman v. Wachovia Corp.*, 2009 WL 86763, \*2 (S.D.N.Y. Jan. 12, 2009) (finding undue prejudice existed where defendants had already reached a settlement with the SEC); *In re LaBranch Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (finding undue prejudice where defendant had already settled with regulators); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-306 (S.D.N.Y. 2002) (finding undue prejudice where global settlement discussions had been scheduled to begin only in a few weeks, and the plaintiff was the only party without access to the "core" documents); *In re Bank of Am. Corp*, 2009 WL 4796169, at \*3 (observing that "[d]iscovery is moving apace in parallel litigation" and plaintiffs risk "fall[ing] substantially behind the SEC and other government actions"). Similarly, Plaintiffs' out-of-circuit authority is distinguishable on this ground. *See In re Delphi Corp.*, 2007 WL 518626, at \*7 (E.D. Mich. Feb. 15, 2007) (finding undue prejudice because "settlements have already occurred in the SEC case and settlement discussions are ongoing in the bankruptcy action"). As explained above, this action and the State Actions are in materially the same posture; no settlement discussions have taken place; and neither court has considered the sufficiency of the complaints.

## C. Plaintiffs Seek Relief Contrary To The PSLRA's Purpose

Congress enacted the PSLRA's automatic stay provision to ensure that "complaints in these securities actions[] stand or fall based on the actual knowledge of the plaintiffs rather than

information produced by the defendants after the action has been filed." *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996). Congress recognized that "the 'cost of discovery often forces innocent parties to settle frivolous securities class actions.'" *In re AOL*, 2003 WL 21729842, at *1 (quoting H.R. Conf. Rep. No. 104-369, at 37 (1995)). It enacted the PSLRA's automatic stay to "prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle 'in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint.'" *Id.* at *1 (quoting S. Rep. No. 104-98, at 14 (1995)). Nothing in the PSLRA's text, or in its policy rationale, suggests Congress intended to create a swinging door between state and federal courts for discovery in related matters. Quite the opposite: Congress empowered federal courts to stay discovery in state court litigation to protect the integrity of the PSLRA stay. *See* 15 U.S.C. § 78a-4(b)(3)(D). McGrath reserves his rights to seek that relief in this Court if necessary depending on further developments in the State Actions.

This Court has not yet evaluated the sufficiency of Plaintiffs' complaint. In fact, Plaintiffs plainly admit that they intend to "incorporate[]" any discovery they obtain "in a forthcoming amended complaint." Plfs.' Br. at 14. The magnitude of this admission escapes Plaintiffs. This is precisely what the PSLRA aims to preclude. In *Vivendi*, the court denied a motion to lift a PSLRA stay in part because it was not assured that any discovery gained would be absent from an amended complaint. *See In re Vivendi Universal, S.A.*, 381 F. Supp. 2d at 130 ("[A]lthough I respect the representation of plaintiffs to the contrary, I cannot yet conclude that evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted"). Plaintiffs' admission here only underscores the extent to which lifting the PSLRA stay would disrupt a carefully considered congressional policy determination. A core purpose of the PSLRA was to prevent plaintiffs from imposing discovery burdens on defendants before a court determined whether there was a sufficient factual predicate for doing so. To allow Plaintiffs

13

to engage in a fishing expedition through the requested discovery, without first putting Plaintiffs to their burden to "state a claim under the securities laws," would contravene a central purpose of the PSLRA. *See Podany*, 350 F. Supp. 2d at 378.

Finally, Plaintiffs' speculation that Avaya would not be significantly burdened by reproducing the discovery they have already produced is beside the point. This Court has made clear that "[t]he proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether [an entity] would be burdened by lifting the stay." *In re Smith Barney*, 2006 WL 1738078, at *3; *see also In re Elan Corp.*, 2004 WL 1303638, at *1 ("[T]he Plaintiffs' assertion that the stay should be lifted because the Defendants will not suffer an undue burden, even if true, does not justify overriding the existing statutory stay."). This consideration is therefore immaterial to the Court's analysis.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' request to lift the mandatory PSLRA stay.

This 16th day of February, 2024.

/s/  Reid M. Figel
Reid M. Figel
rfigel@kellogghansen.com
Minsuk Han
mhan@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone:  202.326.7900
Facsimile:  202.326.7999

*Attorneys for Defendant Kieran McGrath*

14

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on February 16, 2024 using the Court's electronic filing system, which will automatically and electronically notify the Court and counsel of record.

/s/  Reid M. Figel