# Exhibit 3

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

ALCOF III NUBT, L.P., et al.,

Plaintiffs,

v.

JAMES M. CHIRICO, JR., et al.,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

23CV031985-590

**ORDER ON DEFENDANTS'
BCR 10.9 SUBMISSIONS**

MECKLENBURG COUNTY

BRIGADE CAVALRY FUND LTD., et al.,

Plaintiffs,

v.

JAMES M. CHIRICO, JR., et al.,

Defendants.

23CV031948-590

1.     Defendants in these separate, though related cases seek a stay of discovery pending resolution of their motions to dismiss.  Plaintiffs oppose the requests.  All parties have submitted letter briefs and supporting materials under Business Court Rule 10.9, and the Court considered the arguments of counsel at a joint conference on 14 February 2024.

2.     The Court writes this order primarily for the parties and their counsel, thus assuming familiarity with the facts and arguments.  For the following reasons, a limited stay is appropriate.

3.     First, the unsteady relationship between these cases and the federal action in the Southern District of New York favors a stay.  The Court is wary of interfering with the existing discovery stay in that action—particularly while the presiding judge there is weighing whether to lift or maintain the stay as to discovery materials that have already been produced here.

4.     Second, venue and jurisdiction are threshold issues that ought to be resolved before discovery begins in earnest.  To be clear, the Court has no opinion on those issues and recognizes that Plaintiffs believe they will prevail.  Even so, the existence of colorable disputes concerning venue and jurisdiction favor limitations on discovery.

5.     Third, the scope of these cases is uncertain, as evidenced by the recent motion to intervene in the *Brigade* matter.  Alone, that might not merit a stay; together with other considerations, however, it is a factor that counsels caution.

6.     Fourth, a temporary stay poses no serious prejudice to Plaintiffs, who have already received some discovery from Avaya.  In the meantime, the parties can press forward with preparation and submission of a consent protective order and an ESI protocol.  And the Court sees no reason to stop Avaya from completing its production in response to discovery requests that have already been served, further preventing any prejudice.

7.     For these reasons, and in its discretion, the Court **ORDERS** as follows:

   a.     Separately in the *ALCOF* and *Brigade* matters, the parties shall submit a proposed consent protective order no later than 8 March 2024;

b.  Separately in the *ALCOF* and *Brigade* matters, the parties shall jointly prepare and file an ESI protocol no later than 5 April 2024; and

c.  Discovery in these cases is **STAYED** pending resolution of Defendants' motions to dismiss, with the limited exception that Avaya may respond to any discovery requests that Plaintiffs have already served.

**SO ORDERED**, this the 16th day of February, 2024.

 /s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases

3