# Exhibit 5

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
            SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG   23CV031948-590

| | |
|---|---|
| BRIGADE CAVALRY FUND LTD., et al,<br><br>     Plaintiffs,<br><br>  v.<br><br>JAMES M. CHIRICO, JR. and KIERAN J. MCGRATH,<br><br>     Defendants. | **CASE MANAGEMENT REPORT** |

The undersigned counsel of record began the Case Management Meeting on January 8, 2024, and submit this report, as required by BCR 9.

1.  **Summary of the Case.**

**Plaintiffs' Summary:** Plaintiffs bring claims for fraudulent inducement, negligent misrepresentation, and violation of the North Carolina Securities Act arising from material misrepresentations and omissions by Defendants, the former CEO and CFO of Avaya Holdings Corp. (together with its consolidated subsidiaries, "Avaya"), a corporation that was then headquartered in North Carolina. Through a series of carefully crafted falsehoods—made both in public filings and in telephone conversations with Plaintiffs' investment manager—Defendants obscured Avaya's declining business prospects and disappointing financial results and ultimately induced the purchase by Plaintiffs of over $110 million in near-worthless convertible notes. Less than one month after the transaction closed, Avaya announced

1

that its ability to continue as a going concern was in "substantial doubt" and it later filed for bankruptcy protection.

**Mr. McGrath's Summary**:  Plaintiffs' claims against Mr. McGrath, a former chief financial officer of Avaya, ignore well-settled principles of North Carolina law.  Among other things, Plaintiffs seek to recover damages from McGrath based on quarterly earnings projections issued by the company (not McGrath) that the company unexpectedly did not meet.  Those projections were not false because they were made in good faith and were accompanied by extensive cautionary disclosures that informed investors of the substantial risk those projections might prove to be inaccurate.  There is nothing false or fraudulent about an opinion that turns out to be incorrect in these circumstances.  In addition, venue is improper in this Court because Plaintiffs agreed to pursue any litigation arising from their investment in Avaya securities exclusively in the United States District Court for the Southern District of New York. That court is the proper forum, and adjudicating it there will result in judicial economy because there is a related securities class action against the same defendants pending in that court.

**Mr. Chirico's Summary**:  Plaintiffs' claims are nothing more than an attempt to assert fraud by hindsight because Avaya did not meet its Q3 2022 earnings projections.  Plaintiffs are sophisticated investors that invested millions of dollars without conducting diligence into information they now claim was essential to their decision to invest.  They have filed suit against Mr. Chirico in connection with a transaction in which he did not participate.

2

Their claim is based on opinions about Avaya's future performance which are not actionable and which were not made by Mr. Chirico. In addition, venue is improper in this Court because Plaintiffs agreed to pursue any litigation arising from their investment in Avaya securities exclusively in the United States District Court for the Southern District of New York. That court is the proper forum, and adjudicating it there will result in judicial economy because there is a related securities class action against the same defendants pending in that court.

2.    **Initial Motions.**    On January 22, 2024, both Mr. McGrath and Mr. Chirico filed their respective motions to dismiss the complaint under Rule 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3.    **Discovery Schedule.**    Plaintiffs have propounded written document requests to Defendants. Responses from Defendant McGrath are due on January 30, 2024, pursuant to the Court's Order dated December 12, 2023 (ECF 15), and Plaintiffs consented to an extension through January 30, 2024 for Defendant Chirico. Plaintiffs also served a third-party subpoena on Avaya, LLC, which has produced certain documents in response thereto so far.

The parties met to discuss discovery management and case deadlines, and take the following positions:

**Plaintiffs' position:**  Plaintiffs propose the case management schedule set forth below.

3

- o Deadline to Amend Pleadings or Add Parties: 45 days after any ruling on a motion to dismiss

- o Close of Discovery:  Fact Discovery and Expert Discovery should be bifurcated:

  - Close of Fact Discovery: August 30, 2024.

  - Close of Expert Discovery: December 20, 2024

    - October 15, 2024: On or before this date, the party bearing the burden of proof on an issue shall (i) identify any expert they expect to call at trial, and (ii) for each expert identified, serve an expert report that complies with Rule of Civil Procedure 26(b)(4)(a)(2).

    - November 15, 2024: On or before this date, the Parties shall (i) identify any rebuttal expert they expect to call at trial, and (ii) for each expert identified, serve an expert report that complies with Rule 26(b)(4)(a)(2).

- o Dispositive Motions Deadline: January 31, 2025.

- o Trial Date: To be set by the Court at least 90 days after the determination of any dispositive motions filed by the Parties.

The parties were unable to agree to this schedule because Defendants have taken the position that discovery should be stayed pending resolution of their motions to dismiss.  In an effort to resolve the parties' dispute, Plaintiffs indicated their willingness to structure discovery in a manner to maximize efficiency, such as by staying fact-witness depositions and expert

discovery until the earlier of the date the motion to dismiss is decided or June 1, 2024. Defendants were unwilling to agree to this reasonable compromise.

Plaintiffs respectfully submit that a stay is unwarranted for the following reasons:

- o *First*, Defendants' requested stay is inconsistent with North Carolina procedure and the Business Court Rules, which contemplate that discovery will proceed while motions to dismiss are pending. *See, e.g.*, Gen. R. Prac. & Proc. 8 ("Counsel are required to begin promptly such discovery proceedings as shall be utilized in each case, and are authorized to begin even before the pleadings are completed."); BCR 1.3 ("These rules are intended to supplement, not supplant, the Rules of Civil Procedure and the General Rules of Practice."); BCR 10.4 (presumptive discovery period is seven months from Case Management Order). Defendants are hardly unique in believing that they have a strong motion to dismiss. If that were a valid basis to stay discovery, however, the North Carolina and Business Court Rules cited here would have no effect, and defendants could routinely file motions to dismiss and insist on delay until their motions were resolved.

- o *Second*, as a practical matter, staying discovery until a motion to dismiss is decided will impede the parties' ability to ensure that the case is trial-ready in a reasonable period of time, let alone the seven-month period that the Business Court Rules contemplate. Document

5

discovery alone is likely to be a lengthy process in this matter and need not be delayed while the Court considers the pending motions. The parties must negotiate an ESI Protocol and a Protective Order before document discovery can even begin, then engage in the early-stage process required for electronic discovery that can sometimes take several weeks before rolling productions of documents even begin (e.g., identifying custodians, devices to be searched, search terms, etc.). Discovery will also involve significant document discovery and testimony from third-parties, including Avaya, which is likely to have many documents relevant to Plaintiffs' claims. Plaintiffs have already issued a subpoena to Avaya and received an initial production of documents and are still in the process of enforcing that subpoena. Thus, a stay of discovery would be impracticable and prejudicial to Plaintiffs.

o *Third*, Defendants have not identified, let alone proven, any undue burden or cost that may result from engaging in early-stage discovery while their motions to dismiss are briefed and decided. North Carolina law places the burden on Defendants to establish "good cause" warranting protection from discovery because of undue burden or cost. *See* N.C. R. Civ. P. 26(c). Here, Defendants Chirico and McGrath have offered no evidence of undue burden or cost from the need to respond to document requests. Nor can they offer such evidence as each Defendant represents only a single custodian, meaning that only one

6

person's email accounts and devices to search in order to respond to discovery. Moreover, many of the relevant documents will be in the exclusive possession of their former employer, Avaya. Accordingly, a complete stay of discovery while the Court considers Defendants' motions to dismiss will only serve to delay the early stages of discovery by several months when the parties could be conducting that work in parallel with the Court's consideration of the motions to dismiss.

With regard to Defendants' position that case management deadlines in this action should be coordinated with those in *Alcof III NUBT, L.P. et al. v. Chirico et al.* (23 CVS 31985), Plaintiffs do not object in principle to coordination of general case management deadlines, such as deadlines for close of fact discovery, provided that such deadlines reflect the proposed schedule set forth above. Plaintiffs do not believe further coordination is warranted, however, given the significant factual differences between the two cases.

With regard to the third-party production referenced in Mr. Chirico's position, Plaintiffs notified Defendants on December 22, 2023 that they had received a production in response to a third-party subpoena to Avaya and would produce these documents to Defendants upon entry of a Protective Order (without the need for Defendants to serve discovery requests on Plaintiffs to obtain them). These documents were produced by third-party Avaya under the express condition and agreement that they would be treated as highly confidential pending entry of a protective order as soon as possible to cover the production and its treatment by any further recipients. Plaintiffs provided a

7

draft Protective Order on December 22, 2023 and have not yet received comments from Defendants on the draft.

**Mr. McGrath's position:**

o  Discussion of this topic between the parties is premature and discovery should be stayed until the Court decides the Defendants' motion to dismiss. For the reasons set forth in his motion to dismiss filed under Rules 12(b)(3) and 12(b)(6), this case should not proceed against Mr. McGrath for improper venue and for failing to state any actionable claims.  Because the Court's ruling on the pending motions may end the case, mooting discussions, or result in a narrowing of the relevant issues, the Court should wait to set a discovery schedule and subsequent case management deadlines until after it decides the motions and the parties know the scope of the case and subject matter on which discovery is needed, if any.  Mr. McGrath anticipates submitting a BCR 10.9 letter to the Court requesting an order granting a stay and requiring the parties to hold a second meeting after the resolution of the motions to dismiss to discuss these matters.   After Mr. McGrath indicated to Plaintiffs that he anticipates submitting a BCR 10.9 letter, which imposes strict length limits on the parties, Plaintiffs improperly added lengthy arguments against a stay of discovery to this Report, *see supra* pp.4–7, only shortly before this Report's filing is due.  Those arguments are not persuasive.   Further, given the overlap in factual and legal issues between this case and the related *Alcof III NUBT, L.P. et al. v.*

8

*Chirico et al.* (23 CVS 31985) matter pending on the Court's docket, case management deadlines should be coordinated between the two matters.

**Mr. Chirico's position:**

o       Mr. Chirico agrees with and joins Mr. McGrath's statement.  He also notes that Plaintiffs obtained Plaintiffs obtained documents from Avaya through a third-party subpoena, that Defendants have both requested copies of the materials obtained through this subpoena pursuant to Rule 45, and that Plaintiffs have refused to provide them.

4.       **Discovery Limitations:**   The parties also discussed limitations on discovery, and take the following positions:

**Plaintiffs' position:**

o       The presumptive limits on discovery set forth in BCR 10.4 should apply in this action, with the limits applying to each Side (all Plaintiffs, collectively, or all Defendants, collectively). Specifically, each Side shall be allowed to serve no more than twenty-five (25) interrogatories (including subparts) on the other Side.  Each Side may take up to twelve fact-witness depositions, in addition to one deposition of each expert identified as a potential testifying witness.

**Mr. McGrath's position:**

o       As with the discovery schedule, the discussion of this topic is premature. Because the parties will not know the scope of the case or issues on which discovery is needed, if any, until after the Court has resolved Defendants' motions to dismiss, they cannot make informed decisions about discovery limitations at this time. Accordingly, Defendants anticipate submitting a BCR 10.9 letter to the Court

requesting an order granting a stay of discovery and requiring the parties to hold a second meeting after the resolution of the motions to dismiss to discuss this topic as well.

**Mr. Chirico's position:**

○ Mr. Chirico agrees with and joins Mr. McGrath's position.

5.    **Confidentiality.**    Plaintiffs provided a draft protective order to Defendants on December 22, 2023, on which Defendants intend to provide comments. Defendants agree that a protective order should be entered, and the Parties anticipate filing a joint motion for the entry of that order once they have agreed on its terms.

6. **ESI:** The parties have discussed the following ESI related issues.

a. **Preservation:** The parties have made and will make reasonable efforts to preserve electronic data relevant to the parties' claims or defenses.

b. **Cost Allocation/Savings:** The parties have agreed to cooperate in good faith to minimize costs of production where possible.

c. **ESI Protocol:** The parties have discussed the preparation of an ESI Protocol and take the following positions:

i. **Plaintiffs' position**:  Plaintiffs have prepared a proposed ESI Protocol (attached as Exhibit A) and shared it with Defendants. Defendants have declined to provide feedback on the draft Protocol at this time.  For the reasons set forth above, Plaintiffs disagree with Defendants' position that discovery should be stayed.

10

ii. **Mr. McGrath's position**: Defendants do not believe the parties should incur the time and expense of negotiating an ESI Protocol before the Court rules on Defendants' motions to dismiss. Defendants agree, however, that an ESI Protocol will be necessary if any part of the case proceeds forward and will confer with Plaintiffs on the terms for such ESI Protocol at the appropriate time.

iii. **Mr. Chirico's position**: Mr. Chirico agrees with and joins Mr. McGrath's position.

7. **Privilege logs:** The parties agree that the summary log containing metadata information shall include, where applicable and available, the following fields: Bates number (if applicable), date, email from, email to, email cc, email bcc, email subject, file name, author, and the basis for the privilege claim. The parties need not log redacted emails to the extent that these metadata fields, where applicable and available, are evident on the face of the redacted document. The parties agree that they are not required to include on their privilege logs any privileged or work-product information generated by or for the law firms of record in this case and privileged communications or work product for the law firms of record in this case dated after October 26, 2023.

8. **Non-Waiver**. Any production of information protected by the attorney-client privilege, work product, immunity, or any other applicable privilege, inadvertent or otherwise, shall not constitute a waiver of the privilege. Upon receipt and discovery of potentially privileged information produced by the opposing party,

11

the receiving party shall promptly disclose the receipt of the potentially privileged information to the producing party. The producing party may demand return of the privileged information and, at such time, the receiving party shall comply with the request and return all originals, copies, and/or summaries of the privileged information to the producing party. The receiving party may still contest the applicability of the privilege(s) asserted but may not claim waiver by virtue of the production and may not use the content of the document to argue that it is not privileged, and the subject materials shall be treated as privileged until any such disputes are resolved. If a dispute arises about the purported privilege of the disclosure, the receiving party may be entitled to move the Court for an in-camera inspection of the allegedly privileged information.

9.      **Mediation.**  The parties have not yet agreed on a mediator, but plan to do so. The parties will provide the name of their agreed-upon mediator to the Court on or before March 15. The parties request a mediation deadline coinciding with the end of fact discovery. Counsel confirms that they have each discussed with their clients the cost of litigation and the potential cost savings that may be realized by an early mediation.

10.      **Special Circumstances.**

a.      Defendants have been named as individual defendants in a putative securities class action filed in the United States District Court for the Southern District of New York with a caption, *Jiang v. Chirico, et al.*, No. 1:23-cv-01258-PGG (S.D.N.Y.).  The plaintiffs in that case allege federal securities law claims on behalf of a putative class of purchasers of Avaya's securities based on allegations

12

substantially the same as those in this action. Motions for appointment of lead plaintiff remain pending, and the discovery has been stayed pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs' position is that the *Jiang* action involves different allegations and has no bearing on this case.

11. **Referees.** The parties have discussed how the use of a referee or special master might expedite the resolution of the case. While they agree that a referee or special master is not currently required, they will continue to evaluate, if necessary, whether certain aspects of managing the discovery process could be more efficiently handled by a special discovery master.

12. **Potential cost and time requirements of litigation.** Counsel for the parties certify that they have conferred with their respective clients and have given their clients a good-faith estimate of the potential cost and time requirements of the litigation.

13. **Other Matters.**

a. Pursuant to BCR 3.6, the parties request that the Court establish a deadline of 11:59 p.m. Eastern Time, instead of 5:00 p.m. Eastern Time, for documents filed with the Court.

b. The parties have conferred on whether periodic Case Management Conferences with the Court would be beneficial. While they do not believe that periodic conferences are currently required, the parties will revisit the issue should the need arise.

c.    The parties do not believe it is necessary to transcribe the Case Management Conference.

d.    The parties have conferred and do not believe that requiring client attendance at the Case Management Conference will be beneficial.

This the 23rd day of January, 2024.

WOMBLE BOND DICKINSON (US) LLP

/s/*Raymond M. Bennett*
Raymond M. Bennett (N.C. Bar No. 36341)
Jesse A. Schaefer (N.C. Bar No. 44773)
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Email: Ray.Bennett@wbd-us.com
        Jesse.Schaefer@wbd-us.com

*Counsel for Plaintiffs*

ROBINSON BRADSHAW

/s/*David C. Wright, III*
David C. Wright, III
N.C. Bar No. 11161
dwright@robinsonbradshaw.com
Adam K. Doerr
N.C. Bar No. 37807
adoerr@robinsonbradshaw.com
Ethan R. White
N.C. Bar No. 52456
ewhite@robinsonbradshaw.com
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone:  704.377.8352

*Counsel for Defendant Kieran McGrath*

DEBEVOISE & PLIMPTON LLP

Maeve O'Connor
Sidney P. Levinson
Erica S. Weisgerber
Morgan A. Davis
66 Hudson Boulevard
New York, NY 10001
Phone: (212) 909-6000
Email: mloconnor@debevoise.com
        slevinson@debevoise.com
        eweisgerber@debevoise.com
        mdavis@debevoise.com

*Counsel for Plaintiffs*
*Admitted Pro Hac Vice*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Reid M. Figel
rfigel@kellogghansen.com
Minsuk Han
mhan@kellogghansen.com
Jordan R. G. González
jgonzalez@kellogghansen.com
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  202.326.7900

*Counsel for Defendant Kieran McGrath*
*Admitted Pro Hac Vice*

14

/s/*Kenneth Lautenschlager*
Kenneth Lautenschlager
NC Bar No. 23246
klauten@jahlaw.com
Austin R. Walsh
awalsh@jahlaw.com
NC Bar No. 44882
William D. McClelland
bmcclelland@jahlaw.com
NC Bar No. 59867
1065 East Morehead Street
Charlotte, NC 28204
Telephone: (704) 332-1181

Thomas O. Gorman
(*pro hac vice application forthcoming*)
gorman.thomas@dorsey.com
1401 New York Avenue,
NW Suite 900
Washington, DC 20005
Telephone: (202) 442-3507

Stephen Weingold (*pro hac vice*
*application forthcoming*)
weingold.stephen@dorsey.com
1400 Wewatta St. Suite 400
Denver, CO 80202
Telephone: 303629.3425

*Attorneys for Defendant James M. Chirico, Jr*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed this day using the Court's electronic filing system, which will automatically notify the Court and counsel of record as follows:

David C. Wright, III
dwright@robinsonbradshaw.com
Adam K. Doerr
adoerr@robinsonbradshaw.com
Ethan R. White
ewhite@robinsonbradshaw.com
ROBINSON BRADSHAW
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: 704.377.8352
Facsimile: 704.373.3952

Thomas O. Gorman
gorman.tom@dorsey.com
Stephen Weingold
weingold.stephen@dorsey.com
Dorsey & Whitney LLP
1401 New York Ave NW, Suite 900
Washington, DC 20005
Phone: (202) 442-3000

*Pro Hac Vice Application Forthcoming*

Reid M. Figel (pro hac vice)
rfigel@kellogghansen.com
Minsuk Han (pro hac vice)
mhan@kellogghansen.com
Jordan R. G. González (pro hac vice)
jgonzalez@kellogghansen.com

KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: 202.326.7900
Facsimile: 202.326.7999

*Attorneys for Defendant Kieran McGrath*

Kenneth Lautenschlager
NC Bar No. 23246
klauten@jahlaw.com
Austin R. Walsh
awalsh@jahlaw.com
NC Bar No. 44882
William D. McClelland
bmcclelland@jahlaw.com
NC Bar No. 59867
JOHNSON, ALLISON & HORD, P.A.
1065 East Morehead Street
Charlotte, NC 28204 Telephone:
(704) 332-1181 Facsimile: (704)
376-1628

*Attorneys for Defendant James M. Chirico, Jr.*

This the 23rd day of January, 2024.

16

WOMBLE BOND DICKINSON (US) LLP

/s/*Raymond M. Bennett*
Raymond M. Bennett (N.C. Bar No. 36341)
Jesse A. Schaefer (N.C. Bar No. 44773)
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Email: Ray.Bennett@wbd-us.com
         Jesse.Schaefer@wbd-us.com

*Counsel for Plaintiffs*

DEBEVOISE & PLIMPTON LLP

Maeve O'Connor
Sidney P. Levinson
Erica S. Weisgerber
Morgan A. Davis
66 Hudson Boulevard
New York, NY 10001
Phone: (212) 909-6000
Email: mloconnor@debevoise.com
         slevinson@debevoise.com
         eweisberger@debevoise.com
         mdavis@debevoise.com

*Counsel for Plaintiffs*
*Admitted Pro Hac Vice*

17