**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

OLIVER JIANG, Individually and on Behalf of
All Others Similarly Situated

      Plaintiff,

-v-

JAMES M. CHIRICO, JR. and KIERAN J.
McGRATH

      Defendant.

------------------------------------------------------------------- X

1:23-CV-01258-PGG

**DEFENDANT JAMES M. CHIRICO,
JR.'S RESPONSE TO MOTION TO
MODIFY THE PSLRA DISCOVERY
STAY**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND..........................................................................................................2

ARGUMENT..................................................................................................................................3

I.      PLAINTIFF'S MOTION FOR EARLY DISCOVERY SHOULD BE DENIED
SINCE IT IGNORES THE DICTATES OF THE PSLRA ...................................................3

        A.     Plaintiffs' Complaint has not Survived a Motion to Dismiss ..................................3

        B.     Plaintiffs have Failed to Tender Evidence to Support the PSLRA
Exception ...............................................................................................................4

        C.     The Reasons Proffered by Plaintiffs to Support their Claim Ignore the
Plain Language of the PSLRA and Should thus be Denied....................................6

              1.     A purportedly particularized request is not a reason to grant early
discovery ...................................................................................................6

              2.     Plaintiffs have failed to establish undue prejudice .....................................7

              3.     The cases cited by Plaintiffs fail to support their claim.............................8

II.     LIFTING THE PSLRA STAY VIOLATES THE POLICY REASONS FOR ITS
IMPLIMINATION ...........................................................................................................9

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*380544 Can., Inc. v. Aspen Tech., Inc.*,
2007 U.S. Dist. LEXIS 51920 (S.D.N.Y. July 17, 2007) .........................................................7, 8

*ALCOF III NUBT, L.P. v. James M. Chirico, Jr.*,
No. 23CV031985-590 (N.C. Super Ct. Mecklenburg Cnty. Oct. 26, 2023)
(collectively the "State Court Actions") .........................................................................................3

*In re Am. Funds Sec. Litig.*,
493 F. Supp. 2d 1103 (C.D. Cal. 2007) .........................................................................................6

*In re AOL Time Warner* Sec. Litig.*,*
2003 U.S. Dist. LEXIS 12846 (S.D.N.Y. Jul. 25, 2003) .................................................4, 5, 7, 9

*ATSI Comm., Inc. v. Shaar Fund, Ltd.*,
WL 1877227, at *2 (S.D.N.Y. 2003) ..............................................................................................4

*In re: Avaya Inc.*,
No. 4:23-ck-90088 (MI) ....................................................................................................................2

*Brigade Cavalry Fund Ltd. v. James M. Chirico, Jr.*,
No. 23CV031948-590 (N.C. Super Ct. Mecklenburg Cnty. Oct. 26, 2023) .............................2

*City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen.
Holdings Corp.*,
No. 19-CV-10825 (JPO), 2021 U.S. Dist. LEXIS 31211 (S.D.N.Y. Feb. 19,
2021) ..................................................................................................................................................5

*In re Elan Corp. Sec. Litig.*,
2004 WL 1303638 (S.D.N.Y. May 18, 2004) ...............................................................................6

*In re Fannie May Securities Litigation*,
362 F. Supp. 2d 37, 39 (D.D.C. 2005) ..........................................................................................6

*Gruber v. Gilbertson*,
No. 16cv9727, 2017 U.S. Dist. LEXIS 142746 (S.D.N.Y. Sep. 5, 2017) ................................5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
674 F. Supp. 2d 483 (S.D.N.Y. 2009) ...........................................................................................8

*In re LaBranche*,
333 F. Supp. 2d at 182 .....................................................................................................................8

*In re Lantronix, Inc. Sec. Litig.*,
2004 WL 22462393 (C.D. Cal. Sept. 26, 2003) ...........................................................6

*N.Y. State Teacher's Ret. Sys. v. Fremont Gen. Corp*,
No. CV 07-5756 FMC (FFMx), 2009 U.S. Dist. LEXIS 140394, at *6 (C.D.
Cal. Nov. 5, 2009)....................................................................................................6

*In re Odyssey Healthcare, Inc. Sec. Litig.*,
Civil Action No. 3:04-CV-0844-N, 2005 U.S. Dist. LEXIS 43554 (N.D. Tex.
June 10, 2005)...........................................................................................................7

*Podany v. Robertson Stephens, Inc.*,
350 F. Supp. 2d 375 (S.D.N.Y. 2004)..................................................................1, 4

*In re Refco, Inc. Sec. Litig.*,
2006 U.S. Dist. LEXIS 55639 (S.D.N.Y. Aug. 8, 2006)..............................4, 5, 8, 9

*In re Smith Barney Transfer Agent Litig.*,
05 Civ. 7583, 2012 U.S. Dist. LEXIS 58070 (S.D.N.Y. April 25, 2012)..................8

*In re Vacold*,
2001 WL 167704, at *6 ...........................................................................................4

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F. Supp. 2d 129 (S.D.N.Y. 2004)..................................................................4, 7

*In re WorldCom*,
234 F. Supp. 2d at 305 .......................................................................................5, 8, 9

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B)...........................................................................1, 4, 5, 6, 8

**INTRODUCTION**

Defendant James M. Chirico ("Chirico") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Lift the Private Securities Litigation Reform Act ("PSLRA") Discovery Stay.

Plaintiff's putative class action complaint is one of at least three actions filed based on issues regarding certain transactions centered on cloud computing firm Avaya, Inc., a subsidiary of a holding company that was once publicly traded. The putative class actions are governed by the Private Securities Litigation Reform Act ("PSLRA").

Congress enacted the PSLRA to streamline what had become a morass of bickering among those seeking to lead securities class actions. It is a comprehensive set of requirements regarding key elements for pleading and filing a class action. In addition, the statute bans discovery until the Court selects the lead plaintiff to run the action and the complaint has survived a motion to dismiss. Stated differently, no discovery should be permitted until the Court has ensured the complaint complies with the requirements of the statute by denying a motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (This "[creates] a strong presumption that no discovery should take place until a court has affirmatively decided that a complaint does state a claim under securities law, by denying a motion to dismiss.").

The statutory scheme enacted by Congress does, however, have an exception to the discovery ban, Section -3(b)(2)(B). That Section provides that limited, targeted discovery may be permitted "preserve evidence" or for similar reasons.

In the end, discovery under the PSLRA is only available when (1) the complaint has survived a motion to dismiss or (2) in extraordinary circumstances where the movant has demonstrated that discovery is necessary to preserve evidence or for similar reasons.

Here Plaintiff has failed to establish the prerequisites for the first basis for discovery, and has failed to present a sufficient justification for the second basis for discovery. Accordingly, Plaintiff's request for early discovery should be denied.

## FACTUAL BACKGROUND

Plaintiffs filed their complaint on February 14, 2023, asserting claims under the federal securities laws against Defendants and Avaya. ECF No. 1.[1] On March 6, 2023, several putative class members, including Plaintiffs, filed motions seeking to be appointed as Lead Plaintiff in the case. ECF Nos. 10-43. These motions are pending.

Subsequently, on December 7, 2023, Plaintiffs filed a letter with the Court seeking leave to file a motion to partially lift the PSLRA discovery stay. ECF No. 69. Defendants Chirico and McGrath, respectively the former CEO and CFO of Avaya, filed letters opposing Plaintiffs' request for discovery prior to the completion of the PSLRA procedures regarding the selection of lead plaintiff and resolving motions to dismiss. ECF Nos. 70-71. On January 19, 2024, this Court granted Plaintiffs' request to file a motion addressing the question of early discovery and lifting the PSLRA stay. ECF No. 73. Plaintiffs did so on February 2, 2024.

This securities class action is one of three cases centered on certain events regarding Avaya. The class action is based on claims that trace to 2019 regarding an arrangement of Avaya with a firm named RingCentral and questions about the revenue guidance projections published in the spring of 2022. The two state court actions which named. Chirico and McGrath as defendants are based on North Carolina law and are pending in state court in that state. *See Brigade Cavalry Fund Ltd. v. James M. Chirico, Jr.*, No. 23CV031948-590 (N.C. Super Ct.

---

[1] Avaya was ultimately dismissed on February 13, 2023 after it filed for Chapter 11 Bankruptcy. *See In re: Avaya Inc.*, No. 4:23-ck-90088 (MI) Bankr. S.D. Tex.). It emerged from the bankruptcy proceedings on May 1, 2023.

Mecklenburg Cnty. Oct. 26, 2023); *ALCOF III NUBT, L.P. v. James M. Chirico, Jr.*, No.

23CV031985-590 (N.C. Super Ct. Mecklenburg Cnty. Oct. 26, 2023) (collectively the "State

Court Actions"). Those cases assert claims under North Carolina State law. Each action centers

on certain on certain transactions tied to a 2022 bond issue conducted by Avaya. *See* Exhs. A

and B (ECF Nos. 81-1 and 81-2), attached to the Declaration of Alan I. Ellman in support of

Plaintiff's Motion to Modify the PSLRA Discovery Stay ("Ellman Decl.").

Plaintiffs' Motion for Discovery seeks to commence discovery prior to the completion of

the PSLRA requirements regarding the appointment of lead plaintiff and the resolution of a

motion to dismiss the complaint. Plaintiff has not submitted evidence identifying any specific use

to which it seeks to put the early discovery it requests.

**ARGUMENT**

**I.    PLAINTIFF'S MOTION FOR EARLY DISCOVERY SHOULD BE DENIED SINCE IT IGNORES THE DICTATES OF THE PSLRA**

Plaintiffs' request for early discovery should be denied for three reasons. First, prior to

discovery the PSLRA requires that the Court appoint a lead plaintiff and deny a motion to

dismiss the complaint, which has not occurred here. Second, the PSLRA provides that under

exceptional circumstances, certain limited discovery may be conducted prior to the ruling on a

motion to dismiss which Plaintiffs have failed to meet. Third, Plaintiffs' arguments in favor of

lifting the stay do not justify an exception to the PSLRA.

**A.    Plaintiffs' Complaint has not Survived a Motion to Dismiss**

It is axiomatic that discovery cannot be conducted in a securities class action absent

compliance with the dictates of the PSLRA. As the statute provides:

> In any private action arising under this chapter, all discovery and other proceedings ***shall*** be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party

-3-

that particularized discovery is necessary to preserve evidence or prevent undue prejudice to the party.

15 U.S.C. § 78u-4(b)(3)(B) ("Section 4(b)(3)(B)").

Under the PSLRA discovery is typically not permitted to begin until after the Court has sustained the legal sufficiency of the lead plaintiff's complaint. *See In re Refco, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 55639 at *3 (S.D.N.Y. Aug. 8, 2006) (noting that "exceptional circumstances" must be present to lift the stay) (citing *AOL Time Warner*, 2003 U.S. Dist. LEXIS 12846 at *1; *Vacold*, 2001 WL 167704, at *6; *Podany*, 350 F. Supp. 2d at 378 (noting that Congress "specifically imposed a stay of all discovery…during the pendency of any motion to dismiss," creating a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under securities law, by denying a motion to dismiss.") (quoting § 78u-4(b)(3)(B) (emphasis added)).  The purpose of this stay is "to prevent plaintiffs from filing . . . frivolous lawsuits and using [discovery] as a vehicle in order to conduct discovery in the hopes of finding a sustainable claim." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 129-30 (S.D.N.Y. 2004) (internal punctuation omitted); *see also ATSI Comm., Inc. v. Shaar Fund, Ltd.*, WL 1877227, at *2 (S.D.N.Y. 2003). The securities class complaint for which Plaintiffs' lawyers seek to serve as lead counsel has not been tested by a motion to dismiss.  A lead plaintiff has not been appointed, and a post-appointment class action complaint has not been filed.  No motion to dismiss the existing complaint has been rejected by the Court.  Therefore, under the PLSRA discovery cannot be conducted.  The motion for discovery should be denied.

**B.      Plaintiffs have Failed to Tender Evidence to Support the PSLRA Exception**

While the PSLRA generally bans discovery prior to the completion of the statutory requirements, the Act does contain a narrow exception to the discovery stay that is available

under certain limited circumstances.  In this regard Section 4(b)(3)(B) of the statute states that if the request is particularized and the movant can establish that it is "necessary to preserve evidence" or for similar reasons, early discovery may be permitted.  *Id.*; *see also Gruber v. Gilbertson*, No. 16cv9727, 2017 U.S. Dist. LEXIS 142746, at *7 (S.D.N.Y. Sep. 5, 2017) (same).  Absent the presentation of facts demonstrating that discovery is particular and necessary to preserve important evidence, or similar exception circumstances, the exception is not available.  *WorldCom*, 234 F. Supp. 2d at 305; *see also In re Refco, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 55639 at *3 (S.D.N.Y. Aug. 8, 2006) ( "exceptional circumstances" must be present to lift the stay) (citing *In re AOL Time Warner, Inc. Sec. Litig.*, 2003 WL 21729842 (S.D.N.Y. Jul. 25, 2003)); *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, No. 19-CV-10825 (JPO), 2021 U.S. Dist. LEXIS 31211, at *3 (S.D.N.Y. Feb. 19, 2021)(same).

Here Plaintiffs have failed to even attempt to meet the statutory requirements for the exception.  Not only have Plaintiffs failed to demonstrate a risk that evidence may be lost—they have proven the exact opposite.  The focus of Plaintiffs' discovery motion is the discovery obtained by the plaintiffs in the two State Law actions regarding claims about the disclosures made by Avaya regarding the financial guidance it published in the spring of 2022.  Not only does this mean that the plaintiffs in the state court actions have a duty to preserve it, but, since the evidence sought is in the complaints in the State Law cases, plaintiffs in those actions can be expected to take any steps necessary not to augment it.  Accordingly, there is no need for a Section 4(b)(3)(B) exception to the no discovery rule.

    **C.**       **The Reasons Proffered by Plaintiffs to Support their Claim Ignore the Plain Language of the PSLRA and Should thus be Denied.**

         **1.**      **A purportedly particularized request is not a reason to grant early discovery**

Plaintiffs' effort to bypass the PSLRA requirements for commencing discovery by claiming that the request is "particularized," without complying with the other statutory requirements, fails. Section 4(b)(3)(B) of the PLSRA allows plaintiff to obtain particularized discovery only if the other requirements have been met. Since Plaintiffs have failed to submit evidence to establish the requirements of the Section, it fails as discussed above.

Even assuming, however, that Plaintiffs met the exception to the stay—and they have not—their request is not particularized. The request offered by Plaintiffs is vague and not targeted to specific documents as required. The court's ruling in *In re Fannie Mae Securities Litigation* is instructive. There the court refused to lift the PSLRA discovery stay where the plaintiffs sought "only documents that have already been produced in connection with governmental and regulatory investigations" because the request was not "particularized*.*" 362 F. Supp. 2d 37, 39 (D.D.C. 2005); *see also In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (finding that a request for all documents produced to the California Attorney General's Office was not "particularized" as required by the PSLRA). Indeed, even when the materials sought constitute a "closed universe" of documents" the requests have been rejected as not sufficiently narrowed to a specific set of materials. *N.Y. State Teacher's Ret. Sys. v. Fremont Gen. Corp*, No. CV 07-5756 FMC (FFMx), 2009 U.S. Dist. LEXIS 140394, at *6 (C.D. Cal. Nov. 5, 2009) (request rejected where "closed universe" of material sought since movant failed to specifically identify documents sought); *see also  In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) (holding that there is "no exception to the mandatory stay when the documents sought have already been produced outside the litigation.")*; In re*

*Lantronix, Inc. Sec. Litig.*, 2004 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (denying plaintiff's third-party document request because no "need to preserve evidence" and no proof of undue prejudice); *AOL Time Warner*, 2003 U.S. Dist. LEXIS 12846, at **6-7 (denying the plaintiff's motion to lift the discovery stay as to documents produced to government agencies since exceptional circumstances warranting a lift were not present); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2004) (denying plaintiff's motion to lift discovery as to documents produced to government agencies since plaintiff's request was not sufficiently particularized and there was no danger that plaintiffs would be "left without remedy" if discovery were delayed); *In re Odyssey Healthcare, Inc. Sec. Litig.*, Civil Action No. 3:04-CV-0844-N, 2005 U.S. Dist. LEXIS 43554, at *3 (N.D. Tex. June 10, 2005) (holding it is not proper to lift a PSLRA stay simply because document have been produced in another litigation). Because Plaintiffs' argument that the discovery they seek is particularized rests solely on their assertion that it is being used in another litigation, and because the caselaw does not hold that this along makes requests particularized, the Motion should be denied.

### 2.    Plaintiffs have failed to establish undue prejudice

Plaintiffs have failed to establish that a delay in receiving the documents sought would result in undue prejudice or any harm.  The Motion is based on the supposition that they will suffer an "informational disadvantage" due to the PSLRA stay and thus at some unknown point in the future may not get what they view as their part of any settlement fund (assuming that such a thing ever exists).  But this sort of speculation is not a basis for disregarding the dictates of the statute and granting even the limited exception under which discovery might be permitted. As the court stated in *380544 Can., Inc. v. Aspen Tech., Inc.* "The mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice." *380544 Can., Inc. v. Aspen*

*Tech., Inc.*, 2007 U.S. Dist. LEXIS 51920, at *13 (S.D.N.Y. July 17, 2007) (citing *In re Refco, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 55639, at *6.); *LaBranche*, 333 F. Supp. 2d at 182. Indeed, courts have held that such a claim fails to justify early discovery in a securities class action because the delay that Plaintiffs will experience "is an inherent part of every stay of discovery required by the PSLRA." *In re Smith Barney Transfer Agent Litig.*, 05 Civ. 7583, 2012 U.S. Dist. LEXIS 58070, *10 (S.D.N.Y. April 25, 2012).

Finally, here Plaintiffs—who are not lead plaintiffs and who have not filed a complaint which has been tested by a motion to dismiss—have built their motion on speculation about potential injury. But speculation should not be an adequate basis for casting aside an entire statutory scheme which has been repeatedly tested over the years. Indeed, "the mere possibility that Plaintiffs could be prejudiced if settlement talks ensue in the future," should not be "enough for the Court to find that Plaintiffs will suffer undue prejudice" or that evidence might be lost or destroyed as mentioned in Section 4(b)(3)(B). *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 489-490 (S.D.N.Y. 2009) (citing *Aspen Tech., Inc.*). Accordingly, Plaintiff's claimed undue prejudice is insufficient to cast aside the dictates of the PSLRA; it should be rejected.

### 3.      The cases cited by Plaintiffs fail to support their claim

Finally, the cases cited by Plaintiff fail to support their claim. For example, *In re WorldCom*, permitted limited discovery in advance of the PSLRA deadline only because of what was called "unique circumstances" and eminent settlement negotiations. *In re WorldCom*, 234 F. Supp. 2d at 305. There, the PSLRA plaintiffs had been ordered to participate with the insolvent defendant in coordinated settlement discussions, along with plaintiffs in a related ERISA litigation. Because the PSLRA did not apply to the ERISA Plaintiffs, the plaintiffs in the

securities action were permitted to obtain discovery from the defendant to aid the settlement discussions of an insolvent party.

Here, in contrast, the "unique circumstances" identified by the court in *WorldCom* do not exist. The Plaintiffs in this case are not scheduled to participate in Court-ordered settlement discussions alongside non-PSLRA plaintiffs. Plaintiffs have not claimed that settlement discussions, between the Defendants and Plaintiffs or between the Defendants and non-PSLRA plaintiffs, are underway or even imminent. As other courts have held, "speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is necessary . . . to prevent undue prejudice that would otherwise result." *See also In re Refco*, 2006 U.S. Dist. LEXIS 55639, at *10 (speculation about basis of claim not sufficient to justify exception); *In re AOL Time Warner*, 2003 U.S. Dist. LEXIS 12846, at *6 (denying a motion to lift a PSLRA stay, despite plaintiffs' claim that "settlement discussions between various Defendants and the government are currently on-going," because the circumstances differed from those in *WorldCom*).

## II.    LIFTING THE PSLRA STAY VIOLATES THE POLICY REASONS FOR ITS IMPLIMINATION

Finally, lifting the PSLRA stay here would be at odds with the purpose of the PSLRA. The purpose of that statute is to ensure that securities class actions are grounded in the merits of the claims, not a race to grab the insurance proceeds. The automatic stay of discovery until the steps dictated by the statute are taken, and the requirements of the limited exception, were designed to ensure that securities class actions are grounded in the merits. Permitting Plaintiffs to conduct discovery under the circumstances here would effectively permit an end-run past the PSLRA and negate policies and procedures which have proven successful time after time for almost 30 years.

**CONCLUSION**

Plaintiffs must establish that they have been appointed as lead plaintiffs, that their complaint is crafted to meet the requirements of the PSLRA, and that it has at least minimal merit. They have not done so, and they have not demonstrated that documents will be lost or that they will be harmed by the implementation of the discovery stay. As a consequence, discovery should not be allowed until the prerequisites set forth in the PSLRA have been satisfied. Accordingly, Defendant James M. Chirico, Jr. respectfully requests that the Court deny Plaintiffs' Motion to Partially Lift Discovery Stay.

Dated:    New York, New York        **DORSEY & WHITNEY LLP**
February 16, 2024


By /s/ Thomas O. Gorman
   THOMAS O. GORMAN (SBN 2367407)
   gorman.tom@dorsey.com
   1401 New York Ave.
   Suite 900
   Washington, DC 20005
   202-442-3507

Attorneys for Defendant JAMES M. CHIRICO, JR.

-10-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was filed on February 16, 2024 using the

Court's electronic filing system, which will automatically and electronically notify the Court and

counsel of record.

<u>/s/ Stephen R. Weingold</u>
