UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

OLIVER JIANG, Individually and on Behalf  :  Civil Action No. 1:23-cv-01258-PGG
of All Others Similarly Situated,
                                     :  <u>CLASS ACTION</u>
                            :
               Plaintiff,   :  **REPLY MEMORANDUM OF LAW IN**
                            :  **FURTHER SUPPORT OF PLAINTIFFS'**
      vs.                :  **MOTION TO MODIFY THE PSLRA**
                            :  **DISCOVERY STAY**
JAMES M. CHIRICO, JR., and KIERAN J.  :
McGRATH,
                            :
            Defendants.   :
                            :

—————————————————————————— x

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.   ARGUMENT.........................................................................................................................2

     A.    Avaya and the State Court Plaintiffs Have Already Resolved Their Issues,
         but Plaintiffs Have Lost the Ability to Recover from Avaya. ................................2

     B.    The Requested Discovery Is Particularized. ...........................................................7

III.  CONCLUSION....................................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*380544 Canada, Inc. v. Aspen Technology, Inc.*,
  2007 WL 2049738
  (S.D.N.Y. July 18, 2007) ................................................................................................6

*Frank v. Dana Corp.*,
  2007 WL 1748887
  (N.D. Ohio June 18, 2007)..............................................................................................4

*Faulkner v. Verizon Communications, Inc.*,
  156 F. Supp. 2d 384 (S.D.N.Y. 2001)...........................................................................8

*In re American Funds Securities Litigation*,
  493 F. Supp. 2d 1103 (C.D. Cal. 2007) ........................................................................8

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
  851 F. Supp. 2d 746 (S.D.N.Y. 2012)...........................................................................9

*In re Delphi Corp.*,
  2007 WL 518626
  (E.D. Mich. Feb. 15, 2007) ........................................................................................4, 6

*In re East 51st Street Crane Collapse Litigation*,
  2010 WL 9932296
  (N.Y. Sup. Ct. Feb. 18, 2010) .......................................................................................6

*In re Elan Corp. Sec. Litig.*,
  2004 WL 1303638
  (S.D.N.Y. May 18, 2004)................................................................................................9

*In re Fannie Mae Securities Litigation*,
  362 F. Supp. 2d 37 (D.D.C. 2005)................................................................................8

*In re LaBranche Sec. Litig.*,
  333 F. Supp. 2d 178 (S.D.N.Y. 2004)...........................................................................4

*In re OSG Sec. Litig.*,
  12 F. Supp. 3d 619 (S.D.N.Y. 2014).............................................................................9

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  220 F.R.D. 246 (D. Md. 2004)......................................................................................4

**Page**

*In re September 11 Property Damage Litigation*,
650 F.3d 145 (2d Cir. 2011)............................................................................................6

*In re Smith Barney Transfer Agent Litig.*,
2012 WL 1438241
(S.D.N.Y. Apr. 25, 2012)................................................................................................6

*In re Sunrise Senior Living, Inc. Derivative Litig.*,
584 F. Supp. 2d 14 (D.D.C. 2008)..................................................................................4

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F. Supp. 2d 129 (S.D.N.Y. 2003).............................................................................9

*In re WorldCom, Inc. Sec. Litig.*,
234 F. Supp. 2d 301 (S.D.N.Y. 2002).........................................................................2, 4

*Rampersad v. Deutsche Bank Sec. Inc.*,
381 F. Supp. 2d 131 (S.D.N.Y. 2003).............................................................................8

*N.Y. State Tchr.'s Ret. Sys. v. Fremont Gen. Corp.*,
2009 WL 10675265
(C.D. Cal. Nov. 5, 2009).................................................................................................8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B).............................................................................................................10

Private Securities Litigation Reform Act of 1995
Pub. L. No. 104-67, 109 Stat. 737 (1995)............................................................ *passim*

Plaintiff Oliver Jiang and lead plaintiff movant City of Pittsburgh Comprehensive Municipal Pension Trust Fund ("Plaintiffs") respectfully submit this reply in further support of their motion to modify the discovery stay imposed by the PSLRA to allow Plaintiffs to obtain the documents provided by Avaya to the plaintiffs in the State Court Actions ("State Court Plaintiffs").[1]

## I.    INTRODUCTION

Defendants completely ignore the advantage that the State Court Plaintiffs gained prior to filing their complaints, and continue to maintain while litigating their actions.  Those plaintiffs resolved their issues with Avaya in the course of its restructuring by supporting Avaya's Chapter 11 plan of reorganization ("Plan"), and in return they attained control over Avaya.  As part of agreements reached by virtue of the Plan, they obtained internal documents that they used to prepare their complaints against Defendants.  And as McGrath disclosed in his opposition brief, they continued to receive documents from Avaya through formal discovery in the State Court Actions.

As if giving the State Court Plaintiffs a leg up against Defendants through the negotiation of the Plan and their position in Avaya's capital structure was not sufficient evidence of undue prejudice to Plaintiffs, Avaya also shielded itself from liability in the instant action through its bankruptcy.  Thus, this situation goes far beyond the typical asymmetry found in parallel litigation. The State Court Plaintiffs have everything and Plaintiffs here have nothing due to the PSLRA discovery stay.

Defendants miss the key point.  They repeatedly assert throughout their respective briefs that there are no settlement negotiations in the offing between them and the State Court Plaintiffs, and so

---

[1]    Capitalized terms have the definitions ascribed to them in the Memorandum of Law in Support of Plaintiffs' Motion to Modify the PSLRA Discovery Stay (ECF 80, "Pl. Br."). "McGrath Opp." refers to the Memorandum of Law of Defendant Kieran McGrath in Opposition to Plaintiffs' Motion to Modify the PSLRA Discovery Stay (ECF 83).  "Han Decl." refers to the Declaration of Minsuk Han in Support of the McGrath Opp. (ECF 84).  "Chirico Opp." refers to Defendant James M. Chirico, Jr.'s Response to the Motion to Modify the PSLRA Discovery Stay (ECF 85).

Plaintiffs will not be unduly prejudiced without access to the same documents. But simply wishing away the consequences of the State Court Plaintiffs' resolution with Avaya and their superior access to documents will not make those critical facts disappear. Plaintiffs' litigation disadvantage here is not based simply on the status of this action compared with the State Court Actions. It is based on the fundamental advantage the State Court Plaintiffs enjoy due to their control of Avaya.

The continuing imposition of the discovery stay unduly prejudices Plaintiffs because, due to Avaya's bankruptcy, any potential recovery is effectively limited to the directors and officers insurance policies that are available to Chirico and McGrath. Defendants' insurance policies are a wasting asset. Avaya is clearly favoring the State Court Plaintiffs, who are pursuing the same asset. Any funds that go to the State Court Plaintiffs will be unavailable to Plaintiffs and the Class. Plaintiffs thus face the "very real risk" of "pursu[ing] [their] action against defendants who no longer have anything or at least as much to offer." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002).

Plaintiffs respectfully request the Court to rectify this blatant unfairness by modifying the PSLRA discovery stay so that Plaintiffs can obtain the same documents that Avaya has shared with the State Court Plaintiffs.[2]

## II.    ARGUMENT

### A.    Avaya and the State Court Plaintiffs Have Already Resolved Their Issues, but Plaintiffs Have Lost the Ability to Recover from Avaya.

Defendants' silence concerning Avaya's control by, and cooperation with, the State Court Plaintiffs is deafening. Plaintiffs' opening brief set forth facts showing that the State Court Plaintiffs

---

[2]    As explained below, *see infra* at 7, Plaintiffs are no longer pursuing through this motion any documents that may be produced by Chirico and McGrath in the State Court Actions in the future. Rather, Plaintiffs only seek the clearly defined universe of documents produced, shared, or otherwise provided to-date by Avaya to the State Court Plaintiffs.

controlled Avaya at various points during its restructuring, and continue to hold seats on Avaya's board of directors. *See* Pl. Br. at 7. Plaintiffs also demonstrated that this control resulted in the State Court Plaintiffs gaining access to internal Avaya documents that they used to prepare their complaints. *See id.* McGrath's opposition confirms that not only did Avaya share documents with the State Court Plaintiffs, they have *continued* to do so even after Plaintiffs filed their December 7, 2023 letter (ECF 69).[3] *See* McGrath Opp. at 4 n.2. Plaintiffs further demonstrated that certain of the State Court Plaintiffs agreed to support confirmation of Avaya's Plan. *See* Pl. Br. at 8. The Plan, in turn, contains broad releases of various creditors' claims against an assortment of non-Avaya parties, but expressly excludes the claims that are now being pursued in the State Court Actions. *See id.* Defendants do not dispute, let alone acknowledge, any of these facts.

These facts demonstrate that the State Court Plaintiffs have already effectively settled their claims against Avaya. Plaintiffs here, however, were compelled by Avaya's bankruptcy filing to dismiss Avaya, the issuer of the securities at the center of this action, as a defendant. *See id.* at 8. It is difficult to conceive of a more unfair scenario to Plaintiffs than Avaya being permitted to use Chapter 11 bankruptcy protection to shield itself from litigation by Plaintiffs, and then actively support its directors in their pursuit of claims against Chirico and McGrath. *Id.* at 12.

The undue prejudice to Plaintiffs resulting from Avaya's preference towards the State Court Plaintiffs manifests itself in the serious detriment Plaintiffs face while vying for a share of a limited fund. After Avaya's bankruptcy, the potential source of recovery for Plaintiffs and the State Court Plaintiffs is primarily limited to the proceeds of Avaya's directors and officers liability insurance, which is a wasting asset. *See* Pl. Br. at 1, 11. Courts have found undue prejudice warranting the

---

[3]     This underscores Avaya's ongoing cooperation with, and assistance to, the State Court Plaintiffs. Avaya, unlike Chirico and McGrath, did not fight the State Court Plaintiffs' subpoenas; indeed, they promptly produced documents less than a month after being served with them. *See* Han Decl. Ex. 4 at 1; McGrath Opp. at 4 n.2.

lifting of a discovery stay when the defendant is a target of multiple, simultaneous lawsuits that are not subject to the stay, and there is a limited fund from which to recover. *See WorldCom*, 234 F. Supp. 2d 301, 305-06; *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183-84 (S.D.N.Y. 2004); *In re Delphi Corp.*, 2007 WL 518626, at *7-*8 (E.D. Mich. Feb. 15, 2007); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004). "In these cases, the courts determined that because multiple parties were vying for a piece of a limited pie, the plaintiffs would be at a serious disadvantage in planning their settlement and litigation strategies without access to the materials sought." *In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008) (citing *WorldCom*, *LaBranche*, and *Royal Ahold*). The undue prejudice faced by Plaintiffs here, however, is even more remarkable because in addition to receiving internal documents from bankrupt Avaya, the State Court Plaintiffs also control Avaya and are ensured of its continuing cooperation in pursuit of their claims against Defendants.

As the court in *Frank v. Dana Corp.* aptly noted, "As I understand the interplay between the conventional 'no discovery' approach under Rule 12(b) and the 'undue prejudice' standard for lifting a discovery stay under the PSLRA, plaintiffs here have to show some unusual, remarkable, or peculiar prejudice, as distinct from the ordinary risk of dismissal if they must stand on the allegations of their complaint alone." 2007 WL 1748887, at *5 (N.D. Ohio June 18, 2007).[4] The facts here certainly constitute unusual, remarkable, and peculiar prejudice.

Defendants' failure to address any of these highly unique facts speaks volumes. Instead, Defendants misdirect and contend that the lack of settlement discussions between *the parties in the State Court Actions* means that Plaintiffs have not already suffered and will not suffer undue

---

[4]    The *Frank* court denied the plaintiffs' motion to lift the discovery stay because, unlike here, it "perceive[d] no such extraordinary prejudice from refusing to permit access to those documents." 2007 WL 1748887, at *5.

prejudice.[5]  *See* Chirico Opp. at 7-9; McGrath Opp. at 12.  For example, Chirico argues that "the mere possibility that Plaintiffs could be prejudiced if settlement talks ensue in the future, should not be enough for the Court to find that Plaintiffs will suffer undue prejudice."  Chirico Opp. at 8 (internal citations and quotations omitted).  But the prejudice is not "speculation" (*id.*); it has already occurred because Avaya has resolved its issues with the State Court Plaintiffs through the bankruptcy case.  Further, Defendants assert that the stay of discovery in the State Court Actions means that the State Court Plaintiffs do not have a leg up on discovery over Plaintiffs here.  *See* McGrath Opp. at 8, 10.  They utterly disregard the documents Avaya has already provided to the State Court Plaintiffs.

In addition, although Chirico and McGrath claim that they have not engaged in settlement discussions,[6] the Case Management Report they filed in the State Court Actions indicates that settlement negotiations are forthcoming.  Their Case Management Report states:

> The parties have not yet agreed on a mediator, but plan to do so.  The parties will provide the name of their agreed-upon mediator to the Court on or before March 15. The parties request a mediation deadline coinciding with the end of fact discovery. Counsel confirms that they have each discussed with their clients the cost of litigation and the potential cost savings that may be realized by an early mediation.

Han Decl. Ex. 5 at 12.

McGrath's argument that Avaya's insurers have to act in good faith when settling claims with limited policy coverage is unsupported by the cases he relies upon.  *See* McGrath Opp. at 11.

---

[5]  Oddly, in four instances in his brief, Chirico refers to the two expressly defined exceptions to the PSLRA discovery stay as preservation of evidence and "for similar reasons."  Chirico Opp. Br. at 1, 5.  It is clear from the PSLRA, however, that "undue prejudice" is a recognized basis to modify the discovery stay.  Furthermore, Chirico's focus on the preservation of evidence basis (*see id*. at 5) is unnecessary because Plaintiffs do not seek to modify the stay for that reason.

[6]  *See* Chirico Opp. at 9 ("Plaintiffs have not claimed that settlement discussions . . . between the Defendants and non-PSLRA plaintiffs[] are underway or even imminent"); McGrath Opp. at 12 ("no settlement discussions have taken place").

While the court in *In re East 51st Street Crane Collapse Litigation*, in the context of a motion to intervene by the insurer, rejected a settlement between the insurer and one of the many injured parties, it did allow the insurer to settle claims with just two of the injured parties and thereby "released [the insurer of] its obligation to provide any further defense to defendants." 2010 WL 9932296, at *1, *4-*6 (N.Y. Sup. Ct. Feb. 18, 2010). Moreover, because the State Court Actions are not class actions, the court in those cases will not have any opportunity or authority to approve or disapprove any settlement of those claims. Further, *In re September 11 Property Damage Litigation*, 650 F.3d 145 (2d Cir. 2011), stands for the opposite proposition than the one McGrath cites it for. In that case, the Second Circuit ruled that "[a]n insurer may therefore settle with less than all of the claimants under a particular policy even if such settlement exhausts the policy proceeds." *Id*. at 153. Thus, Plaintiffs' concerns of "being left with nothing" if they do not obtain the documents the State Court Plaintiffs have obtained are justified. *Delphi*, 2007 WL 518626, at *7.

McGrath attempts to distinguish Plaintiffs' cases, arguing that in those cases, "settlements had already been reached or were underway in parallel litigation or discovery was moving forward rapidly." McGrath Opp. at 12. McGrath simply ignores that Avaya has already reached a resolution of its issues with the State Court Plaintiffs, and the latter now control Avaya and can access internal documents virtually at will.

Chirico's cases for undue prejudice fare no better. *See* Chirico Opp. at 7-8. In *380544 Canada, Inc. v. Aspen Technology, Inc.*, the court found no undue prejudice, acknowledging that— unlike here—there were no "unique circumstances," such as an "insolvent" company or a "limited pool of [] assets." 2007 WL 2049738, at *3 (S.D.N.Y. July 18, 2007); *see also In re Smith Barney*

- 6 -

*Transfer Agent Litig.*, 2012 WL 1438241, at \*2 (S.D.N.Y. Apr. 25, 2012) (rejecting plaintiffs' request to modify the PLSRA stay, finding no "possible prejudice beyond delay").[7]

### B.   The Requested Discovery Is Particularized.

Plaintiffs seek to serve a subpoena on Avaya and the State Court Plaintiffs for a very narrow universe of documents—the documents produced, shared, or otherwise provided to-date by Avaya to the State Court Plaintiffs—which are directly relevant to the claims in the *Jiang* Complaint. Plaintiffs' request for documents that will be produced by Chirico and McGrath in the State Court Actions is moot because the State Court stayed discovery in those actions. *See* McGrath Opp. at 8, 10; Han Decl. ¶4. Plaintiffs are no longer pursuing those documents via the instant motion. Thus, McGrath's argument that "Plaintiffs demand an ongoing indiscriminate flow of documents between the State Actions and this case" (McGrath Opp. at 9) is inapt.

Plaintiffs have asked for: (i) documents Avaya produced, shared, or otherwise provided to the State Court Plaintiffs; and (ii) documents that those plaintiffs received from Avaya in connection with the drafting and prosecution of the State Court Actions.[8] Pl. Br. at 11. Notwithstanding McGrath's contentions, *see* McGrath Opp. at 6, these requests are specific and targeted. McGrath expects Plaintiffs to provide a proposed subpoena. *See id*. at 7. Although that is not required by the PSLRA, Plaintiffs essentially provided that. McGrath wants a description of documents that would support a finding of particularity. *See id*. Notwithstanding that Plaintiffs cannot compose such a description without the discovery itself, Plaintiffs have already pointed to the internal emails in the

---

[7]   McGrath asserts that Plaintiffs complain only about delay. *See* McGrath Opp. at 11. That is patently untrue: Plaintiffs seek to rectify the unfairness of Avaya availing itself of bankruptcy protection from this litigation while simultaneously helping its board members—the State Court Plaintiffs—pursue claims against Chirico and McGrath.

[8]   Although these requests are presumably for the same set of documents, Plaintiffs wanted to be careful to ensure that they ultimately receive the documents that are in the hands of the State Court Plaintiffs.

State Court complaints, which Avaya provided to the State Court Plaintiffs, to establish the particularity of their request.  *See* Pl. Br. at 5-6, 14-15.

Defendants argue that Plaintiffs' request is not particularized, but their cited authority on this point, *see* Chirico Opp. at 6 and McGrath Opp. at 7, is unpersuasive.  In *Faulkner v. Verizon Communications, Inc.*, the court declined to lift the discovery stay because the plaintiffs' request sought "all documents, testimony and transcripts that have been previously produced or will be produced in the future, amounting to more than 45,000 pages of documents."  156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001).  In *In re Fannie Mae Securities Litigation*, the court rejected the plaintiffs' request for documents produced in connection with governmental and regulatory investigations because they were "voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint."  362 F. Supp. 2d 37, 39 (D.D.C. 2005).  In *In re American Funds Securities Litigation*, the court rejected the plaintiffs' request to lift the discovery stay because they "have not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims [they] intend to assert in this case."  493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007); *see also N.Y. State Tchr.'s Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, at *2 (C.D. Cal. Nov. 5, 2009) (rejecting plaintiff's request and finding that the "universe [of documents] may be extremely large and is entirely undifferentiated," and that "plaintiff has failed to indicate what is contained on the documents or how any of the documents are relevant to its claims"); *Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (rejecting plaintiff's request for discovery and finding that plaintiff failed to show in what way the discovery would be "relevant to Defendants' primary arguments for dismissal").

The remainder of Defendants' cases related to particularity are similarly unpersuasive, as the court in each of those cases focused on the failure to show undue prejudice (which Plaintiffs have

shown exists here), rather than the particularity of the request. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003) (finding no undue prejudice when there was no evidence that plaintiffs "would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition"); *In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) (finding that plaintiffs' "need to begin fact discovery as soon as possible" because "the memories of witnesses grow stale, and the trail of [the alleged] misconduct grows cold," was insufficient to show undue prejudice).

In addition, McGrath misrepresents a statement from Plaintiffs' brief. He asserts that Plaintiffs said they intend to "'incorporate[]' any discovery they obtain 'in a forthcoming amended complaint.'" McGrath Opp. at 13. Plaintiffs said no such thing. Rather, Plaintiffs said "*the internal emails contained in the State Court Action complaints* . . . will be incorporated in a forthcoming amended complaint." Pl. Br. at 14 (emphasis added). This is entirely permissible, as numerous courts have held that a plaintiff may rely on detailed allegations from other complaints. *See, e.g., In re OSG Sec. Litig.*, 12 F. Supp. 3d 619, 622 (S.D.N.Y. 2014); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 769 n.24 (S.D.N.Y. 2012). This is especially true here, where the internal documents were reproduced and quoted verbatim in the State Court Actions.[9]

Moreover, Defendants did not address Plaintiffs' point that the internal emails in the State Court Action complaints demonstrate that Plaintiffs' claims are not frivolous. *See* Pl. Br. at 14-15. Thus, they do not dispute that a modification of the discovery stay here will not offend the purpose behind the PSLRA of preventing early discovery from rehabilitating an otherwise frivolous lawsuit.

---

[9]    Chirico asserts that Plaintiffs have not "submitted evidence identifying any specific use to which [they seek] to put the early discovery" they request. Chirico Opp. at 3. Chirico fails to cite any authority requiring Plaintiffs to do so.

**III.    CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs limited relief from the PSLRA discovery stay pursuant to 15 U.S.C. §78u-4(a)(3)(B) to serve document subpoenas on Avaya and on counsel for the plaintiffs in the State Court Actions.

DATED:  February 28, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN


_/s/ Alan I. Ellman_
ALAN I. ELLMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com

_Counsel for Plaintiff and Proposed Lead Counsel
for Proposed Lead Plaintiff_

- 10 -