**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVER JIANG, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-01258-PGG |
| Plaintiff, | **LEAD PLAINTIFF'S NOTICE OF RECENT DECISION RELEVANT TO DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| JAMES M. CHIRICO, JR., and KIERAN J. MCGRATH, | |
| Defendants. | |

Lead Plaintiff Paul Sweatt ("Lead Plaintiff") respectfully submits the transcript of the May 6, 2025 motion-to-dismiss oral argument in *Brigade Cavalry Fund Ltd., et al., v. James M. Chirico, Jr. and Kieran J. McGrath* ("*Brigade*"), No. 655678/2024, currently pending in New York Supreme Court, County of New York (attached hereto as Exhibit 1). Lead Plaintiff submits this transcript to inform the Court of a recent legal development relevant to Defendant James M. Chirico, Jr.'s and Defendant Kieran J. McGrath's ("Defendants") motions to dismiss (ECF Nos. 108-111), which have been fully briefed and under consideration by the Court since October 21, 2024.

By way of background, in *Brigade*, the plaintiff investors allege that Defendants made false and/or misleading statements about Avaya Holdings Corp.'s ("Avaya") financial condition from May 2022 through July 2022 to induce their investment in exchangeable secured notes issued by Avaya. *See Brigade* Compl. (NYSCEF Doc. No. 15) ¶¶ 3-4, 43.  Among other causes of action, the *Brigade* plaintiffs assert a common law fraud claim. *Id.* ¶¶ 125-128. Like Lead Plaintiff, the *Brigade* plaintiffs partly base their fraud claim on Defendants' public statements concerning Avaya's financial condition made in the May 10, 2022 SEC filings and investor conference call and a related investor presentation filed with the SEC on June 8, 2022. *See Brigade* Compl. (NYSCEF Doc. No. 15) ¶¶ 47-54, 65-68; Am. Compl (ECF No. 93) ¶¶ 31-35, 44-46, 48-50, 134-152, 156-157. Lead Plaintiff likewise relies on the same internal Avaya emails to allege scienter as those cited in the *Brigade* complaint, and incorporates several of the *Brigade* plaintiffs' allegations by reference. *See Brigade* Compl. (NYSCEF Doc. No. 15) ¶¶ 79-81, 83-85, 88-92, 94-97; Am. Compl (ECF No. 93) ¶¶ 55-60, 62, 64, 66-72, 74-76.

Lead Plaintiff respectfully directs the Court to pages 10-40 of the oral argument transcript, in which the Court heard arguments from the parties in *Brigade* and ultimately sustained the fraud

- 1 -

claim. *See Brigade* Or. Arg. Tr. at 29:13-30:7. Referring to allegations also included in Lead Plaintiff's Amended Complaint, the *Brigade* court found that there was "more than enough here to show a present misrepresentation of fact. There is the e-mail background saying that the numbers were wrong, and these two individuals were in charge of them. There is e-mail saying 'We have to go up the chain,' and that indicates – that raises a possibility that it did." *Id.* at 29:15-21. The *Brigade* court later quoted excerpts from a June 12, 2022 email, where in response to an update on the state of North American sales, Defendant Chirico said the situation "clearly is not good at all" and that the "number must be 420." *Id.* at 34:13-22. Lead Plaintiff cited this email in the Amended Complaint. Am. Compl (ECF No. 93) ¶ 62. The *Brigade* court also noted that internal Avaya emails from May 11, 2022 – cited by Lead Plaintiff in the Amended Complaint (ECF No. 93 ¶¶ 58-60) – "leads to the inference that the May 10th representations were utterly fabricated." *See Brigade* Or. Arg. Tr. at 38:5-7; *see also id.* at 39:19-24 ("[T]here is a sufficient allegation here that the May 10th was fabricated. . . . This is saying that the May 10th initial projections were lies, okay, and they've done that successfully. So, then nobody changed it. So, it is just lies compounded on more allegedly.").

As noted above, Lead Plaintiff submits that there is a substantial overlap between the allegations in the *Brigade* complaint and the Amended Complaint. And as Defendant McGrath argued in *Brigade* to support a request to stay discovery, "there is little daylight between common law fraud and federal securities fraud." *See* Memo. of Law ISO Defendant Kieran McGrath's Motion to Stay Discovery (NYSCEF Doc. No. 40) at 13.

For these reasons, Lead Plaintiff respectfully submits the transcript to make sure the Court is aware of this relevant legal development that could impact its decision on Defendants' motions to dismiss.

Dated May 16, 2025                    Respectfully submitted,

                                      HAGENS BERMAN SOBOL SHAPIRO LLP

                                      By */s/ Lucas E. Gilmore*
                                          Lucas E. Gilmore, *pro hac vice*
                                      Reed R. Kathrein, *pro hac vice* forthcoming
                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                      715 Hearst Avenue, Suite 300
                                      Berkeley, CA 94710
                                      Telephone: (510) 725-3000
                                      Facsimile:  (510) 725-3001
                                      reed@hbsslaw.com
                                      lucasg@hbsslaw.com

                                      Nathaniel A. Tarnor
                                      68 3rd Street, Suite 249
                                      Brooklyn, NY 11231
                                      Telephone: (212) 752-5455
                                      Facsimile:  (917) 210-3980
                                      nathant@hbsslaw.com

                                      *Counsel for Lead Plaintiff Paul Sweatt*

                                      Brian J. Schall, *pro hac vice* forthcoming
                                      THE SCHALL LAW FIRM
                                      2049 Century Park East, Suite 2460
                                      Los Angeles, CA 90067
                                      Telephone: (310) 301-3335
                                      Facsimile:  (310) 388-0192
                                      brian@schallfirm.com

                                      *Additional Counsel for Lead Plaintiff Paul Sweatt*

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Lucas E. Gilmore
Lucas E. Gilmore, *pro hac vice*
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com


*Counsel for Lead Plaintiff Paul Sweatt*