KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 22, 2025

*Via CM/ECF*

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

      Re:     *Jiang v. Chirico, et al.*, No. 1:23-cv-01258-PGG (S.D.N.Y.)

Dear Judge Gardephe:

      We write on behalf of Defendant Kieran J. McGrath in response to Lead Plaintiff's Notice of Recent Decision Relevant to Defendants' Motions to Dismiss. ECF No. 119.

      The recent oral ruling in *Brigade Cavalry Fund Ltd., et al.*, *v. James M. Chirico, Jr. and Kieran J. McGrath* ("*Brigade*"), No. 655678/2024 (N.Y. Sup. Ct.), has no bearing on McGrath's Motion to Dismiss pending before this Court, *see* ECF No. 110, contrary to Lead Plaintiff's suggestion, *see* ECF No. 119 at 2.

      The New York supreme court in *Brigade* ruled that the complaint in that case stated a state-law claim of fraudulent inducement under New York pleading standards, reasoning that the complaint's factual allegations allowed for a "possib[le]" inference that the defendants repeated the company's quarterly financial projections that they knew were false at the time. ECF No. 119-1 at 29:20. Here, by contrast, Lead Plaintiff's Amended Complaint does not allege that the company's quarterly financial projects were false. *See* ECF No. 113 at 2-3. Further, the state court applied New York's more liberal pleading standard, *see Houbigant, Inc. v. Deloitte & Touche*, 303 A.D.2d 92, 98 (1st Dep't 2003) (it is "sufficient that the complaint contains some rational basis for inferring that the alleged misrepresentation was knowingly made"); *see also* ECF No. 119-1 at 14:10 (applying *Houbigant*), not the heightened pleading standard required by the Private Securities Litigation Reform Act ("PSLRA"). Unlike New York law, which the *Brigade* court construed to require only a "possibl[e]" inference of scienter, ECF No. 119-1 at 29:20, the PSLRA requires that a plaintiff "state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind" for "each act or omission" alleged to be false or misleading, 15 U.S.C. § 78u–4(b)(2) (emphasis added).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

May 22, 2025
Page 2

   For reasons stated in McGrath's briefs, the Court should dismiss the Amended Complaint as to McGrath in its entirety. *See* ECF Nos. 110-1, 113.

          Respectfully submitted,

          */s/  Reid M. Figel*
          Reid M. Figel
          Minsuk Han
          KELLOGG, HANSEN, TODD,
           FIGEL & FREDERICK, P.L.L.C.
          1615 M Street, N.W., Suite 400
          Washington, D.C. 20036
          Telephone: (202) 326-7900
          rfigel@kellogghansen.com
          mhan@kellogghansen.com

          *Attorneys for Defendant Kieran J. McGrath*

Cc:  All Counsel of Record (via CM/ECF)