UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OLIVER JIANG, Individually and on Behalf of All     :
Others Similarly Situated,
                                                    :
                                                    :
                        Plaintiff,                  :     Case No. 1:23-cv-01258-PGG
                                                    :
         -against-                                  :
                                                    :
JAMES M. CHIRICO, JR., and                          :
KIERAN J. MCGRATH,                                  :
                                                    :
                        Defendants.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OBJECTING TO DEFENDANTS' MOTION TO STAY DISCOVERY IN *BRIGADE CAVALRY FUND LTD., ET AL. V. JAMES M. CHIRICO, JR., ET AL.*

Pursuant to Fed. R. Civ. P. 24, the undersigned moves the Court for permission to intervene in this action for the limited purpose of filing a letter in opposition to Defendants' request to move to stay discovery in *Brigade Cavalry Fund Ltd., et al. v. Chirico, et al.*, No. 655678/2024 (N.Y. Sup. Ct., New York Cnty.) ("*Brigade*") and to oppose any subsequent motion to stay or otherwise impact discovery or other matters in *Brigade*. The letter filed by Defendant Kieran J. McGrath on June 3, 2025 (and joined by James M. Chirico, Jr. on June 5) asks the Court for leave to move to stay discovery in *Brigade*, which would directly and negatively affect the *Brigade* Plaintiffs' right to access the courts and prosecute their state court claims. As there are no parties in this securities class action that can adequately represent the interests of the *Brigade* Plaintiffs in this matter, the Court should allow the limited intervention requested.

## I.    Background

The undersigned are counsel for plaintiffs[1] in the *Brigade* action, which is currently pending in the New York Supreme Court, New York County Commercial Division before Justice Melissa A. Crane.  Defendants Chirico and McGrath (collectively, "Defendants") are also the defendants in the *Brigade* case.  However, the *Brigade* Plaintiffs are not parties to the *Jiang* action.

Prior to the filing of motions to dismiss in *Brigade*, the New York court stayed discovery pending its decision on the motions.  *See Brigade*, No. 655678/2024 (N.Y. Sup. Ct., New York Cnty. Dec. 20, 2024), NYSCEF No. 44.  After briefing and oral argument, the New York court mostly denied Defendants' motions to dismiss and allowed the *Brigade* Plaintiffs to move forward with their common law claims for fraudulent inducement and statutory claims under the North Carolina Securities Act.  *Brigade*, No. 655678/2024 (N.Y. Sup. Ct., New York Cnty., May 27, 2025), NYSCEF No. 103 (attached hereto as Weisgerber Decl. Ex. 2).

Shortly thereafter, the New York court denied Defendants' motion to stay discovery in *Brigade* pending this Court's resolution of Defendants' motions to dismiss this putative class action. ECF No. 121, Ex. A.  Specifically, the state court recognized that no mandatory stay under PLSRA is required in the *Brigade* case, as the *Brigade* action is not a class action and does

---

[1]    Plaintiffs are Brigade Cavalry Fund Ltd., Brigade Collective Investment Trust - Brigade Diversified Credit CIT, Brigade Credit Fund II Ltd., Brigade High Yield Fund Ltd., Brigade Leveraged Capital Structures Fund Ltd., Brigade Loan Fund Ltd., Brigade Opportunistic Credit LBG Fund Ltd., Brigade-SierraBravo Fund LP, FedEx Corporation Employees' Pension Trust, Los Angeles County Employees Retirement Association, Panther BCM LLC, Platinum Peregrine A 2012 RSC Limited, SAS Trustee Corporation, SC Credit Opportunities Mandate, LLC, SEI Global Master Fund Plc the SEI High Yield Fixed Income Fund, SEI Institutional Investments Trust - High Yield Bond Fund, SEI Institutional Managed Trust - High Yield Bond Fund, SEI Institutional Managed Trust - Multi-Strategy Alternative Fund, TCorpIM High Yield Fund, The Coca-Cola Company Master Retirement Trust, and U.S. High Yield Bond Fund (collectively, the "*Brigade* Plaintiffs").

not plead any causes of action under federal securities laws. *Id.*  The state court further concluded that it does not have a basis to impose a discretionary stay, emphasizing that "motions to dismiss have now all been mostly denied" and "[t]he next step is discovery." *Id.*

On June 3, 2025, days before the parties were scheduled to appear for a preliminary conference in the state court, Defendant McGrath filed a letter asking this Court to stay discovery in *Brigade* pursuant to the Securities Litigation Uniform Standards Act (SLUSA).  *See* ECF No. 121.  Last night, Defendant Chirico joined in McGrath's letter.  *See* ECF No. 126.  Because Defendants' request to stay discovery in the *Brigade* action would directly affect the *Brigade* Plaintiffs' right to access the courts and ability to prosecute their state claims, the *Brigade* Plaintiffs request that this Court grant them leave to intervene for the limited purpose of opposing any letter requests or motions by Defendants that would impact discovery or other matters in the *Brigade* action.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 24(a), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The moving party must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *N.Y. News v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). For the purposes of a motion to intervene, courts "accept as true the non-conclusory allegations of the motion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (quoting *Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc*, 2007 WL 749737, at *3 (E.D.N.Y. Mar. 7, 2007).

With respect to permissive intervention under Fed. R. Civ. P. 24(b), courts look at the same factors outlined above and additionally consider "whether the proposed intervention will unduly delay or prejudice the adjudication of the [original] parties' rights." *In re Tel. Media Grp. Ltd.*, 2023 WL 5770115, at *2 (S.D.N.Y. Sept. 6, 2023) (citing *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003)).

### III.    Argument

The factors that courts consider under Fed. R. Civ. P. 24 weigh in favor of granting the *Brigade* Plaintiffs' motion to intervene both as of right and on a permissive basis.

*First*, this motion is timely because the *Brigade* Plaintiffs are seeking to intervene within just a few days of McGrath's letter to this Court indicating that he intends to file a motion to stay discovery in *Brigade*. *See In re Man Group Ltd.*, 2025 WL 846134, at *4 (S.D.N.Y. March 13, 2025) (finding intervention was timely when intervenor sought to intervene within six business days); *see also In re Ambac Fin. Group, Inc. Deriv. Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) (intervention after "a mere 21 days" was timely).

*Second*, the *Brigade* Plaintiffs have a substantial and clear interest in the expeditious disposition of their well-pleaded allegations against Defendants, which already survived motions to dismiss in state court. *See* Weisgerber Decl. Ex. 2. Having established that they have well-pleaded claims against Defendants, the *Brigade* Plaintiffs should be allowed to move forward with those claims without additional delay. The state court has already considered a motion to stay discovery in the *Brigade* action by Defendants and concluded that any discovery stay was no longer warranted following the motion to dismiss. *See* ECF No. 121 Ex. A. The *Brigade* Plaintiffs should not be prevented from pursuing their claims after Defendants' motion to dismiss *Brigade* Plaintiffs' fraud and North Carolina Securities Act claims was denied.

4

Indeed, the policy concerns that led to the passage of SLUSA—that putative members of a federal securities class action will circumvent the mandatory discovery stay required under the Private Securities Litigation Reform Act (PSLRA) by filing identical state court actions—are not at issue here for the reasons explained in the *Brigade* Plaintiffs' opposition letter.  *See* Weisgerber Decl. Ex. 1 at 4-5; *see also In re Recoton Corp.*, 307 B.R. 751, 757 (S.D.N.Y. 2004) ("SLUSA was enacted in 1998 to close a perceived gap in the PSLRA by preventing plaintiffs from evading the protections provided by Federal law by filing suit in State court").  Accordingly, SLUSA should not prevent the *Brigade* Plaintiffs from prosecuting their claims.

*Third*, this Court's decision to stay the *Brigade* action would greatly prejudice the *Brigade* Plaintiffs, who have no other way to pursue their claims against Defendants.  *See Allstate Ins. Co. v. Levy*, 2011 WL 288511, at *1 (E.D.N.Y. Jan. 27, 2011) (finding plaintiffs have clearly demonstrated prejudice "since [a discovery stay pending a motion to dismiss] would effectively block them from obtaining any discovery from any of the defendants, and non-parties as well, and thus bring the progress of the entire case to a halt merely because this defendant has made a motion of unknown merit").  As outlined in greater detail in the *Brigade* Plaintiffs' opposition letter, the *Brigade* Plaintiffs are not part of the *Jiang* putative class.  *See* Weisgerber Decl. Ex. 1 at 1-2.  The *Jiang* putative class is composed of alleged purchasers of Avaya's publicly traded common stock who claim to have relied on misleading public statements made on shareholder calls and in publicly filed documents by McGrath and Chirico.  *Id.* at 2. The *Jiang* complaint pleads that reliance can be established on a class-wide basis based on the fraud-on-the-market presumption because the putative class held stock that traded in an efficient market.  *Id*. ¶¶ 170–71, 184, 187–89, 194; ECF No. 93 ¶ 187 (pleading the Avaya stock "met the requirements for listing, and was listed and actively traded on the NYSE.").  By contrast, the

*Brigade* complaint concerns the *Brigade* Plaintiffs' investment in a non-public debt instrument—exchangeable secured notes.  Because the *Brigade* Plaintiffs did not purchase publicly traded securities, they cannot rely on the fraud on the market presumption and instead will have to prove reliance for their fraud claims.  And unlike the *Jiang* class, the *Brigade* Plaintiffs purchased their debt in reliance on, among other things, private and direct communications that Brigade Capital Management, LP had (on behalf of the *Brigade* Plaintiffs) with Defendants.  *E.g.*, ECF No. 121, Ex. B ¶¶ 4, 31, 69–70.  These many differences between *Jiang* and *Brigade* mean that the *Brigade* Plaintiffs' claims implicate unique facts and legal issues, which will take time to fully investigate through discovery; for that reason, too, the *Brigade* Plaintiffs should not be hampered by a factually distinct case, and they should be allowed to begin discovery into those facts and issues forthwith.

If this Court were to grant Defendants' request to stay the *Brigade* action, the *Brigade* Plaintiffs would be restrained from prosecuting their unique claims, despite being fully prepared to do so.  Given this direct and prejudicial impact on their ability to pursue their claims and begin the discovery process to prove those claims, the *Brigade* Plaintiffs should be given an opportunity to be heard on their concerns related to Defendants' request to stay the *Brigade* action.  *See Lopez v. Eventbrite, Inc.*, 2024 WL 2979311, at *1 (S.D.N.Y. June 12, 2024) (granting motion to intervene where intervenor had significant interest in the action, and "its inability to intervene may impair its ability to protect its interests").

*Fourth*, the *Brigade* Plaintiffs' interests cannot be adequately protected by the *Jiang* parties.  Defendants in this action are adversaries to the *Brigade* Plaintiffs in the state court action and are seeking a stay of that action over the *Brigade* Plaintiffs' objections.  Plaintiffs in this action also will not adequately protect the *Brigade* Plaintiffs' interests; indeed, McGrath's

6

pre-motion conference letter to the Court indicates that the "*Jiang* plaintiffs have stated their 'preliminary position' that they 'take[] no position on' Mr. McGrath's request." ECF No. 121 at 1 n.1. As discussed above, the *Brigade* Plaintiffs are not members of the *Jiang* putative class, their claims focus on different facts and issues relating to the *Brigade* Plaintiffs' debt purchase, and they are also seeking to recover damages from Defendants in this case. Thus, the *Brigade* Plaintiffs' interests do not fully align with the *Jiang* plaintiffs. Since there are no parties in this action who can adequately represent the interests of the *Brigade* Plaintiffs, the Court should allow the limited intervention requested.

Finally, the *Brigade* Plaintiffs' limited intervention neither prejudices nor delays adjudication of the *Jiang* claims. The *Brigade* Plaintiffs only seek to intervene for the limited purpose of opposing any effort to stay or otherwise impact discovery in the *Brigade* action. The *Brigade* plaintiffs have no interest in the claims set forth by the *Jiang* plaintiffs and no desire to be involved in this litigation beyond this narrow purpose. And, since the *Brigade* Plaintiffs do not seek to assert their own claims in this Court, the litigation between the *Jiang* parties will be unaffected by a limited intervention. For that reason, there is no additional delay borne out of *Brigade* Plaintiffs' intervention.

The *Brigade* Plaintiffs' response to Defendants' letters seeking leave to move to stay *Brigade* fully sets forth the reasons this Court should deny Defendants any stay of the *Brigade* action. *See* Weisgerber Decl. Ex. 1. Pursuant to Fed. R. Civ. P. 24(a) and (b), the *Brigade* Plaintiffs should be allowed to appear in a limited capacity to assert their opposition and protect their interests.

## CONCLUSION

For the foregoing reasons, the *Brigade* Plaintiffs' motion to intervene should be granted.

Date:  June 6, 2025
        New York, New York

DEBEVOISE & PLIMPTON LLP

By:      */s/ Maeve O'Connor*
          Maeve O'Connor
          Sidney P. Levinson
          Erica S. Weisgerber
          mloconnor@debevoise.com
          slevinson@debevoise.com
          eweisgerber@debevoise.com
          66 Hudson Boulevard
          New York, NY  10001
          (212) 909-6000

*Attorneys for the Brigade Plaintiffs*

8

**WORD COUNT CERTIFICATION**

I, Maeve O'Connor, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) for motions generally and Judge Paul G. Gardephe's Individual Practices, Section (IV)(B).  According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 2,164 words in the document.


/s/ Maeve O'Connor
Maeve O'Connor