# Exhibit 2

Case 1:23-cv-01258-PGG    Document 132-2    Filed 06/06/25    Page 2 of 4

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**                    PART                60M
_____
*Justice*

---------------------------------------------------------------------------X

BRIGADE CAVALRY FUND LTD., BRIGADE COLLECTIVE
INVESTMENT TRUST - BRIGADE DIVERSIFIED CREDIT
CIT, BRIGADE CREDIT FUND II LTD., BRIGADE HIGH
YIELD FUND LTD., BRIGADE LEVERAGED CAPITAL
STRUCTURES FUND LTD., BRIGADE LOAN FUND LTD.,
BRIGADE OPPORTUNISTIC CREDIT LBG FUND LTD.,
BRIGADE-SIERRABRAVO FUND LP, FEDEX
CORPORATION EMPLOYEES' PENSION TRUST, LOS
ANGELES COUNTY EMPLOYEES RETIREMENT
ASSOCIATION, PANTHER BCM LLC,PLATINUM
PEREGRINE A 2012 RSC LIMITED, SAS TRUSTEE
CORPORATION, SC CREDIT OPPORTUNITIES
MANDATE, LLC,SEI GLOBAL MASTER FUND PLC THE
SEI HIGH YIELD FIXED INCOME FUND, SEI
INSTITUTIONAL INVESTMENTS TRUST - HIGH YIELD
BOND FUND, SEI INSTITUTIONAL MANAGED TRUST -
HIGH YIELD BOND FUND, SEI INSTITUTIONAL
MANAGED TRUST - MULTI-STRATEGY ALTERNATIVE
FUND, TCORPIM HIGH YIELD FUND, THE COCA-COLA
COMPANY MASTER RETIREMENT TRUST, U.S. HIGH
YIELD BOND FUND

| | |
|---|---|
| INDEX NO. | 655678/2024 |
| MOTION DATE | 01/17/2025, 01/17/2025 |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

Plaintiff,

- v -

JAMES M. CHIRICO, KIERAN J. MCGRATH,

Defendant.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 46, 47, 48, 49, 81, 84, 85, 86, 87, 88, 89, 90, 94, 95, 96

were read on this motion to/for _____ DISMISS _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 79, 82, 91, 92, 93, 97

were read on this motion to/for _____ DISMISS _____ .

The court on the record dismissed plaintiffs' claim for negligent misrepresentation but

denied dismissal of fraud in the inducement (Tr.5/6/2025 at pp. 11 & 40, ¶¶11-13, ¶11). The

court reserved on the issue of whether or not section 6.9 precludes application of the North

655678/2024  BRIGADE CAVALRY FUND LTD. ET AL vs. CHIRICO , JR., JAMES M. ET AL        Page 1 of 3
Motion No.  005 006

1 of 3

Case 1:23-cv-01258-PGG   Document 132-2   Filed 06/06/25   Page 3 of 4

Carolina Statute. The court now, having considered the parties' arguments, finds that section 6.9 does not bar the application of the North Carolina Statute.

Section 6.9 of the Investment Agreement provides that

> "[a]ll issues and questions (whether in contract, tort, or otherwise) concerning the construction, validity, enforcement and interpretation of this Agreement and the exhibits hereto will be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions . . . that would cause the application of the laws of any jurisdiction other than the State of New York."

(EDOC. 48 [Investment Agreement], at p.7).

Defendants contend that this choice of law provision precludes plaintiffs from asserting a claim under North Carolina Securities Act ("NCSA") sections 78A-8(2) and 78A-56(c). Defendants' contention is incorrect.

Section 6.9 of the investing agreement pertains at all issues concerning "the construction, validity, enforcement and interpretation of **this Agreement**" (*id.*) (emphasis added). Here, plaintiff is not attempting to enforce, validate, or interpret the Investment Agreement. Likewise, plaintiffs North Carolina claim does not concern the construction of the Investment Agreement. Rather, plaintiffs' North Carolina claims directly pertain defendants' alleged violation of the North Carolina Securities Act. As such, plaintiffs North Carolina claims are not confined by section 6.9 of the Investment Agreement, and therefore may be applied to the case at bar (*see Twinlab Corp. v. Paulson*, 283 AD2d 570, 571 [2nd Dep't 2001] [same provision did not preclude plaintiff's Florida RICO act claim which was based on defendants' criminal activities]). Consequently, that part of defendants' motion seeking to dismiss plaintiffs' claims arising under the North Carolina statute is denied.

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

655678/2024  BRIGADE CAVALRY FUND LTD. ET AL vs. CHIRICO , JR., JAMES M. ET AL          Page 2 of 3
Motion No.  005 006

2 of 3

ORDERED that the court grants that part of the motion to dismiss plaintiffs' first cause of action for negligent misrepresentation, and it is further

ORDERED that the court <u>denies</u> that part of defendants' motion to dismiss plaintiffs' second cause of action for fraud in the inducement, and it is further

ORDERED that the court denies that part of defendants' motion to dismiss plaintiffs' third cause of action for violation of the North Carolina Securities Act; and it is further

ORDERED that defendants shall answer the complaint by 6/24/25; and it is further

ORDERED that the parties must appear for a status conference over Microsoft Teams on 6/26/25 at 11:30 a.m.

_____5/27/2025_____
DATE

_____
MELISSA A. CRANE, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655678/2024   BRIGADE CAVALRY FUND LTD. ET AL vs. CHIRICO , JR., JAMES M. ET AL    Page 3 of 3
Motion No.  005 006

3 of 3